**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>NEAR INTELLIGENCE, INC., et al., | Chapter 11 |
| Debtors. | Case No. 23-11962 (TMH) |
| DRIVETRAIN, LLC, as Plan Administrator and<br>Litigation Trustee of Near Intelligence, Inc. et al.,<br>Litigation Trust,<br>              Plaintiff,<br>v. | Adv. Pro. No. 25-52298 (TMH)<br><br>**Re: Adv. D.I. 24** |
| MOBILEFUSE, LLC,<br><br>              Defendant. | |

## <u>ANSWER WITH COUNTERCLAIMS</u>

Defendant MobileFuse, LLC, by and through its attorneys, The Rosner Law Group LLC and Meyer, Suozzi, English & Klein, P.C., as and for its Answer with Counterclaims ("Answer") to the first Amended Complaint, dated November 18, 2025 (the "FAC"), of Plaintiff Drivetrain, LLC ("Plaintiff" or "Drivetrain), hereby alleges, upon information and belief, as follows:[1]

1. MobileFuse denies the allegations in paragraph 1 of the FAC.

2. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the FAC.

3. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the FAC, except admits that Near and MobileFuse entered into a series of agreements and respectfully refers the Court to true and correct copies of the relevant agreements for the content and meaning thereof.

---

[1] Unless otherwise set forth herein, capitalized terms have the meanings ascribed to them in the FAC.

4.      MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the FAC and in effect denies those allegations.

5.      MobileFuse denies the allegations in paragraph 5 of the FAC.

6.      MobileFuse denies the allegations in paragraph 6 of the FAC.

7.      MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the FAC, except admit that Mathews, Agarwal and Shukla, through their entities, acquired a 10% intertest in MobileFuse.

8.      MobileFuse denies the allegations in paragraph 8 of the FAC, except admits that Near eventually filed for bankruptcy.

9.      MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the FAC and in effect denies those allegations.

10.      MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the FAC.

11.      MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the FAC.

12.      MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the FAC.

13.      MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the FAC.

14.      MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the FAC.

15.      MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC.

16. MobileFuse denies the allegations in paragraph 16 of the FAC, except admits that MobileFuse is a Delaware limited liability company.

17. The allegations contained in Paragraph 17 of the FAC are legal assertions and conclusions which MobileFuse refers to the Court for resolution, and to the extent a response is required, denies such allegations.

18. The allegations contained in Paragraph 18 of the FAC are legal assertions and conclusions which MobileFuse refers to the Court for resolution, and to the extent a response is required, denies such allegations. Defendant admits that proceedings to determine, avoid or recover transfers pursuant to §§ 548 and/or 550 of the Bankruptcy Code are denominated "core proceedings" pursuant to 28 U.S.C. § 157(b). However, to the extent Plaintiff seeks to assert other causes of action (other than those arising under title 11 set forth in the immediately previous sentence), it is otherwise determined that any Count of this adversary proceeding is non-core, or if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, Defendant does not consent to the entry of final orders or judgments by the Court.

19. The allegations contained in Paragraph 19 of the FAC are legal assertions and conclusions which MobileFuse refers to the Court for resolution, and to the extent a response is required, denies such allegations.

20. The allegations contained in Paragraph 20 of the FAC are legal assertions and conclusions which MobileFuse refers to the Court for resolution, and to the extent a response is required, denies such allegations.

21. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the FAC.

22.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the FAC.

23.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the FAC.

24.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the FAC.

25.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC.

26.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the FAC, except admits that Near and MobileFuse entered into a number of agreements and that the Near Insiders acquired an indirect 10% interest in MobileFuse for $2 million, and respectfully refers the Court to true and correct copies of the relevant agreement for the content and meaning thereof.

27.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the FAC, except admits that Near and MobileFuse entered into a number of agreements and that the Near Insiders acquired an indirect 10% interest in MobileFuse for $2 million, and respectfully refers the Court to true and correct copies of the relevant agreements for the content and meaning thereof.

28.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the FAC, except admits that Uniqequity Limited acquired an indirect 10% interest in MobileFuse.

29.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the FAC, except admits that Near and MobileFuse entered into a number of agreements, and respectfully refers the Court to true and

correct copies of the relevant agreements and communications for the content and meaning thereof.

30.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the FAC and in effect denies those allegations.

31.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the FAC and in effect denies those allegations.

32.     MobileFuse denies the allegations in paragraph 32 of the FAC, except admits that Katayev was the managing member of MobileFuse, and with Harlan, owned a majority of MobileFuse, and respectfully refers the Court to true and correct copies of the relevant communications for the content and meaning thereof.

33.     MobileFuse denies the allegations in paragraph 33 of the FAC, except admits that Katayev appears to have been aware of the negotiations with respect to Uniqequity's acquisition of an interest in MobileFuse and respectfully refers the Court to true and correct copies of the relevant communications for the content and meaning thereof.

34.     MobileFuse denies the allegations in paragraph 34 of the FAC and respectfully refers the Court to true and correct copies of the relevant communications for the content and meaning thereof.

35.     MobileFuse denies the allegations in paragraph 35 of the FAC and respectfully refers the Court to true and correct copies of the relevant social media post for the content and meaning thereof.

36.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the FAC and in effect denies those allegations

and respectfully refers the Court to true and correct copies of the relevant communications for the content and meaning thereof.

37. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the FAC and in effect denies those allegations.

38. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse coordinated the payment of their respective invoices each month as expressly contemplated by the terms of their agreements.

39. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse made regular payments to each other and respectfully refers the Court to true and correct copies of the relevant calculations for the content and meaning thereof.

40. MobileFuse denies the allegations in paragraph 40 of the FAC, except admits that Near was involved in the calculation of the invoices from MobileFuse to Near as expressly contemplated by the parties' agreements.

41. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse coordinated the payment of their respective invoices each month as expressly contemplated by the terms of their agreements and respectfully refers the Court to true and correct copies of the relevant communications for the content and meaning thereof.

42.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the FAC.

43.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the FAC.

44.    MobileFuse denies the allegations in paragraph 44 of the FAC, except admits that, at one time, Uniqequity held a 10% interest in MobileFuse.

45.    MobileFuse denies the allegations in paragraph 45 of the FAC.

46.    MobileFuse denies the allegations in paragraph 46 of the FAC.

47.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the FAC and in effect denies those allegations, except admits that MobileFuse made payments to Near pursuant to the Usage Agreements, each of which superseded its predecessor, and respectfully refers the Court to true and correct copies of the relevant agreements for the content and meaning thereof.

48.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the FAC, except admits that MobileFuse entered into the Usage Agreement with Near, and respectfully refers the Court to true and correct copy of that agreement for the content and meaning thereof.

49.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the FAC and in effect denies those allegations, except admits that MobileFuse entered into the 2022 and 2023 Usage Agreements with Near and respectfully refers the Court to true and correct copies of the relevant agreements for the content and meaning thereof.

50.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the FAC and in effect denies those

allegations, except admits that MobileFuse entered into the 2023 Usage Agreement with Near, and respectfully refers the Court to true and correct copy of that agreement for the content and meaning thereof.

51. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the FAC and in effect denies those allegations.

52. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the FAC and in effect denies those allegations.

53. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the FAC and in effect denies those allegations.

54. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the FAC and in effect denies those allegations.

55. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the FAC and in effect denies those allegations.

56. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the FAC and in effect denies those allegations.

57. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the FAC and in effect denies those allegations, except admits that MobileFuse made distributions to its Members, including to Uniqequity.

58. MobileFuse denies the allegations in paragraph 58 of the FAC.

59. MobileFuse denies the allegations in paragraph 59 of the FAC, except admit that Uniqequity sold back its interest in MobileFuse.

60. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the FAC and in effect denies those allegations, except admits that MobileFuse terminated the 2023 Usage Agreement on or about August 15, 2023 and

respectfully refers the Court to true and correct copy of that agreement for the content and meaning thereof.

61.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the FAC and in effect denies those allegations, except admits that MobileFuse terminated the 2023 Usage Agreement on or about August 15, 2023 and respectfully refers the Court to true and correct copy of that agreement for the content and meaning thereof.

62.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the FAC and in effect denies those allegations, except admits that MobileFuse terminated the 2023 Usage Agreement on or about August 15, 2023 and respectfully refers the Court to true and correct copy of that agreement for the content and meaning thereof.

63.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the FAC and in effect denies those allegations, except admits that MobileFuse terminated the 2023 Usage Agreement on or about August 15, 2023 and respectfully refers the Court to true and correct copy of that agreement for the content and meaning thereof.

64.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the FAC and in effect denies those allegations, and respectfully refers the Court to the relevant documents concerning the payments between Near and MobileFuse ("Payment Records") for the content and meaning thereof.

65.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse entered into a 2023 settlement agreement ("2023 Settlement

Agreement") and respectfully refers the Court to a true and correct copy of the 2023 Settlement Agreement for the true content and meaning thereof.

66.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse entered into the 2023 Settlement Agreement and respectfully refers the Court to the relevant Payment Records and a true and correct copy of the 2023 Settlement Agreement for the true content and meaning thereof.

67.     MobileFuse denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse entered into the 2023 Settlement Agreement and respectfully refers the Court to the relevant Payment Records and a true and correct copy of the 2023 Settlement Agreement for the true content and meaning thereof.

68.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the FAC and in effect denies those allegations.

69.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the FAC.

70.     MobileFuse denies the allegations in paragraph 70 of the FAC.

71.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the FAC and in effect denies those allegations.

72.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the FAC and in effect denies those allegations.

73.     MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the FAC and in effect denies those allegations.

74.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the FAC and in effect denies those allegations.

75.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the FAC and in effect denies those allegations.

76.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the FAC and in effect denies those allegations.

77.    MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

78.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the FAC and in effect denies those allegations, except admits that Near made payments to MobileFuse in the years prior to the Petition Date and respectfully refers the Court to the Payment Records for the content and meaning thereof.

79.    MobileFuse denies the allegations in paragraph 79 of the FAC.

80.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the FAC and in effect denies those allegations.

81.    MobileFuse denies the allegations in paragraph 81 of the FAC.

82.    MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

83.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the FAC and in effect denies those allegations, except admits that Near made payments to MobileFuse in the years prior to the Petition Date and respectfully refers the Court to the Payment Records for the content and meaning thereof.

84.    MobileFuse denies the allegations in paragraph 84 of the FAC.

85.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the FAC and in effect denies those allegations.

86.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the FAC and in effect denies those allegations.

87.    MobileFuse denies the allegations in paragraph 87 of the FAC.

88.    MobileFuse denies the allegations in paragraph 88 of the FAC.

89.    MobileFuse denies the allegations in paragraph 89 of the FAC.

90.    MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

91.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the FAC and in effect denies those allegations, except admits that Near made payments to MobileFuse in the years prior to the Petition Date and respectfully refers the Court to the Payment Records for the content and meaning thereof.

92.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the FAC and in effect denies those allegations.

93.    MobileFuse denies the allegations in paragraph 93 of the FAC.

94.    MobileFuse denies the allegations in paragraph 94 of the FAC.

95.    MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

96.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the FAC and in effect denies those allegations, except admits that Near made payments to MobileFuse in the years prior to the Petition Date and respectfully refers the Court to the Payment Records for the content and meaning thereof.

97. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the FAC and in effect denies those allegations.

98. MobileFuse denies the allegations in paragraph 98 of the FAC.

99. MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

100. MobileFuse denies the allegations in paragraph 100 of the FAC.

101. MobileFuse denies the allegations in paragraph 101 of the FAC.

102. MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

103. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse entered into the 2023 Settlement Agreement and respectfully refers the Court to the relevant Payment Records and a true and correct copy of the 2023 Settlement Agreement for the true content and meaning thereof.

104. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the FAC and in effect denies those allegations.

105. MobileFuse denies the allegations in paragraph 105 of the FAC.

106. MobileFuse denies the allegations in paragraph 106 of the FAC.

107. MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

108. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse entered into the 2023 Settlement Agreement and respectfully

refers the Court to the relevant Payment Records and a true and correct copy of the 2023 Settlement Agreement for the true content and meaning thereof.

109.    MobileFuse denies the allegations in paragraph 109 of the FAC, except MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the FAC concerning Near's intent and solvency.

110.    MobileFuse denies the allegations in paragraph 110 of the FAC.

111.    MobileFuse denies the allegations in paragraph 111 of the FAC.

112.    MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

113.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse entered into the 2023 Settlement Agreement and respectfully refers the Court to the relevant Payment Records and a true and correct copy of the 2023 Settlement Agreement for the true content and meaning thereof.

114.    MobileFuse denies the allegations in paragraph 114 of the FAC, except MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the FAC concerning Near's alleged creditors.

115.    MobileFuse denies the allegations in paragraph 115 of the FAC, except MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the FAC concerning Near's alleged creditors.

116.    MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the FAC and in effect denies those allegations.

117.    MobileFuse denies the allegations in paragraph 117 of the FAC.

118.    MobileFuse denies the allegations in paragraph 118 of the FAC.

119. MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

120. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse entered into the 2022 Usage Agreement and respectfully refers the Court to a true and correct copy of that agreement for the content and meaning thereof.

121. MobileFuse denies the allegations in paragraph 121 of the FAC, except admits that Near and MobileFuse entered into the 2022 Usage Agreement and respectfully refers the Court to a true and correct copy of the 2022 Usage Agreement for the content and meaning thereof.

122. MobileFuse denies the allegations in paragraph 122 of the FAC, except admits that Near and MobileFuse entered into the 2022 Usage Agreement and respectfully refers the Court to a true and correct copy of the 2022 Usage Agreement for the content and meaning thereof.

123. MobileFuse denies the allegations in paragraph 123 of the FAC.

124. MobileFuse denies the allegations in paragraph 124 of the FAC.

125. MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

126. MobileFuse lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the FAC and in effect denies those allegations, except admits that Near and MobileFuse entered into the 2023 Usage Agreement and respectfully refers the Court to a true and correct copy of that agreement for the content and meaning thereof.

127. MobileFuse denies the allegations in paragraph 127 of the FAC, except admits that Near and MobileFuse entered into the 2022 Usage Agreement and respectfully refers the Court to a true and correct copy of the 2022 Usage Agreement for the content and meaning thereof.

128.    MobileFuse denies the allegations in paragraph 128 of the FAC, except admits that Near and MobileFuse entered into the 2022 Usage Agreement and respectfully refers the Court to a true and correct copy of the 2022 Usage Agreement for the content and meaning thereof.

129.    MobileFuse denies the allegations in paragraph 129 of the FAC.

130.    MobileFuse denies the allegations in paragraph 130 of the FAC.

131.    MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

132.    MobileFuse denies the allegations in paragraph 132 of the FAC.

133.    MobileFuse denies the allegations in paragraph 133 of the FAC.

134.    MobileFuse denies the allegations in paragraph 134 of the FAC.

135.    MobileFuse denies the allegations in paragraph 135 of the FAC.

136.    MobileFuse denies the allegations in paragraph 136 of the FAC.

137.    MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

138.    MobileFuse admits the allegations in paragraph 138 of the FAC and respectfully refers to the document alleged therein for the content thereof.

139.    MobileFuse denies the allegations in paragraph 139 of the FAC.

140.    MobileFuse denies the allegations in paragraph 140 of the FAC.

141.    MobileFuse denies the allegations in paragraph 141 of the FAC.

142.    To the extent a response is required, MobileFuse denies the allegations in paragraph 142 of the FAC.

143.    MobileFuse repeats and realleges each and every allegation in each and every previous paragraph of this Answer as if fully set forth hereat.

144. MobileFuse admits the allegations in paragraph 144 of the FAC and respectfully refers to the document alleged therein for the content thereof.

145. To the extent a response is required, MobileFuse denies the allegations in paragraph 145 of the FAC.

## GENERAL DENIAL

146. MobileFuse denies all allegations in the FAC not admitted or to which there is no response in this Answer.

## DEFENSES/AFFIRMATIVE DEFENSES

1. MobileFuse sets forth the following defenses and/or affirmative defenses. In doing so, MobileFuse does not assume the burden of proof with respect to any issue as to which the law places the burden of proof on Plaintiff. MobileFuse reserves the right to amend and/or supplement this Answer and to raise any additional defenses and/or affirmative defenses that may be appropriate as additional information becomes available to MobileFuse.

## AS AND FOR A FIRST DEFENSE/AFFIRMATIVE DEFENSE

2. Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE/AFFIRMATIVE DEFENSE

3. As set forth in MobileFuse's first Counterclaim below, the allegations of which are hereby incorporated herein by reference, Near failed to fully perform the Usage Agreements between Near and MobileFuse by failing to provide the agreed upon products and services or by otherwise providing products and services that were nonconforming or defective.

4. Plaintiff's claims are barred in whole or in part by Near's breach of the Usage Agreements.

**AS AND FOR A THIRD DEFENSE/AFFIRMATIVE DEFENSE**

5.      As set forth in MobileFuse's second Counterclaim below, the allegations of which are hereby incorporated herein by reference, Near breached the MobileFuse Agreements between Near and MobileFuse by failing to pay fully perform those agreements and provide the agreed upon services to MobileFuse and/or its customers.

6.      Plaintiff's claims are barred in whole or in part by Near's breach of the MobileFuse Agreements by failing to pay all sums due pursuant to those agreements.

**AS AND FOR A FOURTH DEFENSE/AFFIRMATIVE DEFENSE**

7.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**AS AND FOR A FIFTH DEFENSE/AFFIRMATIVE DEFENSE**

8.      Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, ratification, acquiescence, abandonment and/or avoidable consequences.

**AS AND FOR A SIXTH DEFENSE/AFFIRMATIVE DEFENSE**

9.      Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**AS AND FOR A SEVENTH DEFENSE/AFFIRMATIVE DEFENSE**

10.      Plaintiff's claims are barred in whole or in part by the *in pari delicto* doctrine.

**AS AND FOR AN EIGHTH DEFENSE/AFFIRMATIVE DEFENSE**

11.      Plaintiff's claims are barred in whole or in part by documentary evidence.

**AS AND FOR A NINTH DEFENSE/AFFIRMATIVE DEFENSE**

12.      Plaintiff's claims are barred in whole or in part by Near's bad faith.

**AS AND FOR A TENTH DEFENSE/AFFIRMATIVE DEFENSE**

13.      Plaintiff's claims are barred in whole or in part by Plaintiff's and/or Near's failure to mitigate its alleged damages.

**COUNTERCLAIMS**
**COUNT I**
**(Breach of Contract)**

1.     MobileFuse repeats and realleges each and every allegation in each and every previous paragraph as if fully set forth at length herein.

2.     Upon information and belief, Near and MobileFuse entered into the following agreements: (i) the 2020 Usage Agreement; (ii) the 2022 Usage Agreement; and (iii) the 2023 Usage Agreement (collectively, the "Usage Agreement").

3.     Upon information and belief, pursuant to the Usage Agreements, Near agreed to provide MobileFuse and its customers with certain products and services.

4.     Upon information and belief, Near failed to fully perform the Usage Agreements and thereby materially breached the Usage Agreements by either failing to provide the agreed upon products and services or by otherwise providing products and services that were nonconforming or defective.

5.     As a result of the foregoing, MobileFuse has sustained damages in an amount to be determined at trial.

6.     As a result of the foregoing, MobileFuse is entitled to a setoff and/or recoupment with respect to any of Plaintiff's claims against MobileFuse in the amount of the damages sustained by MobileFuse by virtue of Near's material breach of the Usage Agreements.

## COUNT II
### (Breach of Contract)

7. MobileFuse repeats and realleges each and every allegation in each and every previous paragraph as if fully set forth at length herein.

8. Upon information and belief, Near and MobileFuse entered into the 2020 Services Agreement and related agreements (collectively, the "MobileFuse Agreements") whereby Near agreed to pay certain fees for certain products and services provided by MobileFuse.

9. Upon information and belief, Near materially breached the MobileFuse Agreements by failing to pay all fees owed to MobileFuse for the products and services provided by MobileFuse pursuant to the MobileFuse Agreements.

10. As a result of the foregoing, MobileFuse has sustained damages in an amount to be determined at trial and now estimated to exceed $700,000.00.

11. As a result of the foregoing, MobileFuse is entitled to a setoff and/or recoupment with respect to any of Plaintiff's claims against MobileFuse in the amount of the damages sustained by MobileFuse by virtue of Near's material breach of the MobileFuse.

WHEREFORE, MobileFuse respectfully requests judgment against Plaintiff dismissing Plaintiff's Amended Complaint in its entirety with prejudice; awarding MobileFuse the relief demanded in each of the foregoing Counterclaims; and awarding MobileFuse the costs and disbursements of this action, including, but not limited to attorney's fees, together with such other and further relief as the Court deems just and appropriate

Dated:  July 24, 2026                      **THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE #3995)
824 Market Street, Suite 810
Wilmington, Delaware 19801
Telephone:  (302) 777-1111
rosner@teamrosner.com

20

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
Kevin Schlosser, Esq.
Robert F. Regan, Esq.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
(516) 741-6565
kschlosser@msek.com
rregan@msek.com
*Counsel to the Defendant MobileFuse, LLC*

21