**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH) |
| DRIVETRAIN, LLC, as Plan Administrator and Litigation Trustee of Near Intelligence, Inc. et al., Litigation Trust,<br><br>Plaintiff,<br>v.<br><br>MOBILEFUSE, LLC,<br><br>Defendant. | Adv. Pro. No. 25-52298 (TMH) |

**DECLARATION OF ROBERT F. REGAN**

I, Robert F. Regan, hereby depose and state as follows:

1. I am of counsel to Meyer, Suozzi, English & Klein, P.C. ("MSEK"), located at 990 Stewart Avenue, Suite 300, Garden City, New York, 11558. I have been admitted *pro hac vice* before this Court in the above-captioned matter.

2. MSEK represents defendant MobileFuse LLC ("MobileFuse") in connection with this matter, and I am duly authorized to make this declaration on behalf of MobileFuse.

3. I make this declaration in support of MobileFuse's motion ("Motion") for a stay of this adversary proceeding ("Adversary Proceeding") pending the resolution of the parallel criminal

[1] The Debtors in these chapter 11 cases are Near Intelligence, Inc., Near Intelligence LLC, Near North America, Inc., and Near Intelligence Pte. Ltd. (collectively, "Near" or "Debtor")

proceeding commenced by the United States Department of Justice ("DOJ Proceeding")[2] in the Southern District of New York against the former officers of the Debtor ("Near Insiders") and Kenneth Harlan ("Mr. Harlan"), the former CEO of MobileFuse.

4. As set forth in MobileFuse's accompanying Memorandum of Law, the purported claims against MobileFuse in this Adversary Proceeding arise out of the same facts and circumstances and involve substantially the same issues as the DOJ Proceeding, and are inextricably intertwined with the claims against Mr. Harlan in the DOJ Proceeding, as well as the claims in a related civil case commenced by the United States Securities and Exchange Commission ("SEC Proceeding").

5. Moreover, based on the allegations in the first Amended Complaint ("FAC") by plaintiff Drivetrain, LLC ("Plaintiff"), Mr. Harlan is the central figure with respect to the purported claims against MobileFuse. As a result, Mr. Harlan is not only a key witness in this case, but it is absolutely critical and essential for MobileFuse to obtain input and information from Mr. Harlan in order for MobileFuse to fairly and adequately address and defend against the claims asserted against it in this Adversary Proceeding.

6. Attached hereto as **Exhibit A** is a true and correct copy of the November 18, 2025 first Amended Complaint ("FAC") in this Adversary Proceeding.

7. Attached hereto as **Exhibit B** is a true and correct copy of the August 6, 2025 Indictment in the DOJ Proceeding.

8. Attached hereto as **Exhibit C** is a true and correct copy of the January 27, 2026 Complaint in the SEC Proceeding.

[2] *United States v. Mathews, et al.*, Docket No. 24 Cr. 630 (LGS), United States District Court, Southern District of New York.

9. By Order dated April 23, 2026 ("DOJ Order"), the United States District Court for the Southern District of New York found that a stay of the SEC Proceeding in its entirety "is in furtherance of the interests of justice and will not prejudice any party" and, therefore, stayed the SEC Proceeding in its entirety until the completion of the DOJ Proceeding. *See SEC v. Anil Mattews, et al.*, Civil Action No. 26-cv-693 (JPC) [Docket No. 21]. Attached hereto as **Exhibit D** is a true and correct copy of the April 23, 2026 DOJ Order staying the SEC Proceeding.

10. Defense counsel for Mr. Harlan has confirmed to counsel for MobileFuse that Mr. Harlan intends to preserve and maintain his Fifth Amendment right against self-incrimination while the DOJ Proceeding remains pending and, as such, is unavailable to assist MobileFuse in the defense of this Adversary Proceeding at least until after the DOJ Proceeding has been resolved. At the same time, Mr. Harlan requested a speedy trial and his trial in the DOJ Proceeding has been scheduled for January 19, 2027. *See United States v. Mattews, et al.*, No. 24-CR-630 (LGS), United States District Court, Southern District of New York [Docket No. 66].

11. In addition to Mr. Harlan, all of the other key witnesses in this Adversary Proceeding, including the "Near Insiders" and Val Katayev and Matthew Sessanta from MobileFuse, are referenced in the criminal Indictment, and we anticipate that each of those witnesses will effectively be unavailable for purposes of discovery or any other proceedings in this matter until after the DOJ Proceeding has been resolved.

12. Counsel for Mr. Sessanta has already confirmed to counsel for MobileFuse that their client intends to preserve and maintain his Fifth Amendment rights and, thus, will be unavailable to consult with or assist MobileFuse with the defense of this action.

13. Similarly, counsel for Mr. Katayev has confirmed that Mr. Katayev is declining to communicate with MobileFuse in light of the pending, criminal proceeding commenced by the DOJ.

14. Accordingly, it appears that none of the key witnesses in this case will be available for purposes of discovery or other proceedings in this case until after the DOJ Proceeding has been resolved.

15. As indicated above, the DOJ has already intervened in the SEC Proceeding and obtained a stay of that related proceeding pending the resolution of the DOJ Proceeding. In addition, the DOJ has authorized counsel for MobileFuse to represent to this Court that the U.S. Attorney's Office for the Southern District of New York supports a stay of discovery in this Adversary Proceeding until the conclusion of the DOJ Proceeding.

16. Prior to making this Motion, we advised counsel for Plaintiff of the basis for the requested stay, including the government's position with respect to that stay, and asked that Plaintiff consent to the requested stay and, in the meantime, extend the time for MobileFuse to answer the FAC. Counsel for Plaintiff refused both requests.

17. As further detailed in MobileFuse's accompanying Memorandum of Law, this Adversary Proceeding arises out of the same facts and circumstances as the parallel DOJ Proceeding and, as a result, there is a substantial overlap of the issues in those two cases. Furthermore, based on the allegations in this Adversary Proceeding and the DOJ Proceeding, Mr. Harlan is clearly a central figure and key witness in both the Adversary Proceeding and the DOJ Proceeding, and he is essential to MobileFuse's ability to adequately present its defenses to the claims against MobileFuse and address the issues in this Adversary Proceeding. Nevertheless, as indicated above, Mr. Harlan, as well as Mr. Sessanta and Mr. Katayev, are all

unavailable to assist MobileFuse or provide necessary information and input while the DOJ Proceeding is pending, thereby severely prejudicing MobileFuse in asserting its defense to Plaintiff's claims in this Adversary Proceeding. Indeed, all of the key witnesses are likely to be unavailable for discovery or any other proceedings in this case. Accordingly, in the interest of justice and out of fairness to MobileFuse, it is respectfully submitted that the Court should stay this Adversary Proceeding pending the resolution of the related DOJ Proceeding.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: September 1, 2026
Garden City, New York

*/s/ Robert F. Regan*

Robert F. Regan
990 Stewart Avenue, Suite 300
Garden City, New York, 11558
Telephone: (516) 741-6565
rregan@msek.com