# **EXHIBIT A**

Plaintiff's Proposed Scheduling Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**NEAR INTELLIGENCE, INC., *et al.*,**[1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 23-11962 (TMH)**<br><br>**(Jointly Administered)** |
| **DRIVETRAIN, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al., Litigation Trust,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MOBILEFUSE, LLC,**<br><br>**Defendant.** | **Adversary Proceeding No. 25-52298 (TMH)** |

**SCHEDULING ORDER**

**WHEREAS**, Drivetrain, LLC, in its capacity as the Plan Administrator and Litigation Trustee (the "Trustee") of the Near Intelligence, Inc., *et al.*, Litigation Trust, appointed in the above-captioned chapter 11 cases of Near Intelligence, Inc., *et al.* (collectively, the "Debtors" or "Near") and Defendant MobileFuse, LLC ("MobileFuse" and together with the Trustee, the "Parties") have agreed (i) to mediate the above-captioned adversary proceeding (the "Adversary Proceeding") and (ii) that discovery in the Adversary Proceeding shall be tolled until after the conclusion of mediation; and

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (9004), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A 4, Pasadena, California 91124.

**WHEREAS**, the Parties have agreed to promote the efficient and expeditious disposition of the Adversary Proceeding, the following schedule shall apply.

**IT IS HEREBY ORDERED THAT**:

1. Any extension of time to file a responsive pleading to the complaint is not effective unless approved by Order of the Court.

2. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, shall be deemed to have taken place; *provided, however*, that the Parties each reserve their rights regarding issues concerning electronic discovery.

3. The Parties shall serve their initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than 14 days after the conclusion of mediation. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for cause shown.

4. All formal discovery shall be tolled until after the conclusion of mediation. All fact discovery shall be completed no later than 100 days after the conclusion of mediation.

5. Any expert report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtors, no later than 120 days after the conclusion of mediation. If Defendant intends to provide expert testimony regarding the insolvency of the Debtors, notice of Defendant's intent to submit any such expert report must be provided no later than 120 days after the conclusion of mediation, and any such expert report must be provided no later than 150 days after the conclusion of mediation. Any expert rebuttal report by Plaintiff on the insolvency of the Debtors shall be provided no later than 165 days after the conclusion of mediation. Any party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this subparagraph, shall be provided no later than 60

days after the report being rebutted; *provided, however*, that in no event shall the 60-day period start prior to 60 days after the conclusion of mediation. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed no later than 180 days after the conclusion of mediation.

6. Pursuant to the *General Order Re: Procedures in Adversary Proceedings* entered on April 7, 2004 (as amended on April 11, 2005), no later than 5 days after this Scheduling Order is entered, the Parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the Parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

7. The Parties shall agree on a mediation date to occur no later than 7 days after the entry of an Order Assigning the Adversary Proceeding to Mediation. Within 50 days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation. If the parties agree, they may extend the conduct or conclusion of mediation by up to an additional 50 days to allow the parties to reach a resolution of the proceeding upon the filing of a stipulation for such an extension with the Court.

8. All dispositive motions shall be filed and served no later than 30 days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

9. The parties shall file, no later than three business days prior to the date set for trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two copies thereof to Chambers.

10. As soon as is feasible after the close of all discovery, Plaintiff shall contact the Court to schedule a final pretrial conference in accordance with Local Rule 7016-2(a).

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal, or other resolution of this adversary proceeding and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. Plaintiff shall file a status report 45 days after the date of this Scheduling Order, each 45 days thereafter, and 30, 20, and 10 days prior to trial, setting out the status of this adversary proceeding. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion or stipulation for cause shown.

13. Plaintiff shall serve this Scheduling Order on Defendant within five business days after the entry of this Order.