**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**NEAR INTELLIGENCE, INC., *et al.*,**[1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 23-11962 (TMH)**<br><br>**(Jointly Administered)** |
| **DRIVETRAIN, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al., Litigation Trust,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MOBILEFUSE, LLC,**<br><br>**Defendant.** | **Adversary Proceeding**<br>**No. 25-52298 (TMH)** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY ADVERSARY PROCEEDING AND BRIEF IN SUPPORT**

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (DE Bar No. 4142)
Beth E. Levine (pro hac vice)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19899
(302) 652-4100
bsandler@pszjlaw.com
blevine@pszjlaw.com
pkeane@pszjlaw.com

REID COLLINS & TSAI LLP
Eric D. Madden (pro hac vice)
Brandon V. Lewis (pro hac vice)
Brian J. Bah (pro hac vice)
1445 Ross Ave., Suite 2900
Dallas, TX 75202
(214) 420-8900
emadden@reidcollins.com
blewis@reidcollins.com
bbah@reidcollins.com

*Counsel for Plaintiff Drivetrain, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al. Litigation Trust Dated: September 22, 2026*

Dated: September 22, 2026

[1] The Debtors in these chapter 11 cases are Near Intelligence, Inc., Near Intelligence LLC, Near North America, Inc., and Near Intelligence Pte. Ltd.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

NATURE AND STAGE OF THE PROCEEDING........................................................................ 1

SUMMARY OF ARGUMENT ........................................................................................... 2

COUNTER-STATEMENT OF FACTS AND OBJECTIONS ...................................................... 2

ARGUMENT ............................................................................................................... 4

I. Legal Standard ......................................................................................................... 4

II. MobileFuse Fails to Establish that the Extraordinary Remedy of a Stay Is Warranted. .... 5

A. Similarity of Issues ................................................................................................ 6

B. Status of Criminal Proceedings.............................................................................. 8

C. Plaintiff's Interests ................................................................................................ 9

D. Burden on Defendants........................................................................................... 10

1. Pre-Trial Assistance .............................................................................................. 13

2. Key Witnesses........................................................................................................ 15

E. Interests of the Court and Public............................................................................ 16

III. MobileFuse's Requested Stay Is Overbroad and Unnecessary......................................... 18

CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

## CASES

*Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Ariz.*,
881 F.2d 1486 (9th Cir. 1989) ... 14

*Barker v. Kane*,
149 F. Supp. 3d 521 (M.D. Pa. 2016) ... 8

*Boynes v. Limetree Bay Ventures, LLC*,
2026 WL 412328 (D.V.I. Feb. 12, 2026) ... 6, 9, 10

*Braswell v. United States*,
487 U.S. 99 (1988) ... 6

*Carroll v. Unicom AP Chem. Corp.* (*In re MGL Corp.*),
262 B.R. 324 (Bankr. E.D. Pa. 2001) ... 17

*Chorches v. Ogden (In re Bolin & Co.)*,
2012 WL 3730410 (D. Conn. June 27, 2012) ... 7, 8, 13

*Citibank, N.A. v. Super Sayin' Pub., LLC*,
86 F. Supp. 3d 244 (S.D.N.Y. 2015) ... 8, 17

*Cress v. City of Ventnor*,
2009 WL 750193 (D.N.J. Mar. 18, 2009) ... 7, 16

*De Vita v. Sills*,
422 F.2d 1172 (3d Cir. 1970) ... 4

*Deloitte Consulting LLP v. Sagitec Sols. LLC*,
2023 WL 6037201 (D. Del. Sept. 15, 2023) ... passim

*Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*,
232 F.R.D. 103 (S.D.N.Y. 2005) ... 13

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*,
889 F.2d 899 (9th Cir. 1989) ... 8

*Forman v. Otlowski (In re NJ Affordable Homes Corp.)*,
2007 WL 869577 (Bankr. D.N.J. Mar. 19, 2007) ... 16

*Gilman v. Marsh & McLennan Companies, Inc.*,
826 F.3d 69 (2d Cir. 2016) ... 14

*Halperin v. Moreno (In re Green Field Energy Servs., Inc.)*,
2017 WL 2729065 (Bankr. D. Del. June 23, 2017) ... 16, 17

*In re 650 Fifth Ave.*,
2011 WL 3586169 (S.D.N.Y. Aug. 12, 2011) ... 6, 15

*In re Adelphia Commc'ns Sec. Litig.*,
2003 WL 22358819 (E.D. Pa. May 13, 2003) ... 11

*In re Blood Reagents Antitrust Litig.*,
756 F. Supp. 2d 623 (E.D. Pa. 2010) ... 5, 10, 16

*In re Flonase Antitrust Litig.*,
723 F. Supp. 2d 761 (E.D. Pa. 2010) ... 13

*In re Grand Jury Empaneled on May 9, 2014*,
786 F.3d 255 (3d Cir. 2015) ... 6

*In re Julmice*,
458 B.R. 657 (Bankr. E.D.N.Y. 2011) ... 11

*In re Mid–Atlantic Toyota Antitrust Litig.*,
92 F.R.D. 358 (D.Md.1981) ... 5

*In re New Jersey Tax Sales Certificates Antitrust Litigation,*
2014 WL 5512661 (D.N.J. Oct. 31, 2014) ... 6, 9

*In re Shubh Hotels Pittsburgh, LLC*,
495 B.R. 274 (Bankr. W.D. Pa. 2013) ... 16, 19

*Kozyak v. Poindexter (In re Fin. Federated Title & Tr., Inc.)*,
252 B.R. 834 (Bankr. S.D. Fla. 2000) ... 17

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
676 F.3d 83 (2d Cir. 2012) ... 5

*Maloney v. Gordon*,
328 F. Supp. 2d 508, 511 (D. Del. 2004) ... 5

*Med. Inv. Co. v. Int. Portfolio, Inc.*,
2014 WL 2452193 (E.D. Pa. May 30, 2014) ... 12

*Rad Servs., Inc. v. Aetna Cas. & Sur. Co.*,
808 F.2d 271 (3d Cir. 1986) ... 11

*Robinson v. Kelly*,
2026 WL 221468 (D.N.J. Jan. 28, 2026) ... 7, 10

*SEC v. Desai*,
145 F. Supp. 3d 329 (D.N.J. 2015) ... 12

*SEC v. Desai*,
672 F. App'x 201, 205 (3d Cir. 2016) .................... 11

*Slone-Stiver v. Kossoff (In re Tower Metal Alloy Co.)*,
188 B.R. 954 (Bankr. S.D. Ohio 1995).................... 8

*State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*,
2002 WL 31111766 (E.D. Pa. Sept. 18, 2002) .................... 5, 10, 16

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*,
175 F. Supp. 2d 573 (S.D.N.Y. 2001) .................... 10

*Texaco, Inc. v. Borda*,
383 F.2d 607 (3d Cir. 1967).................... 11

*United States v. $557,933.89, More or Less in U.S. Funds*,
1998 WL 817651 (E.D.N.Y. Mar. 2, 1998).................... 11

*United States v. $557,933.89, More or Less, in U.S. Funds*,
287 F.3d 66 (2d Cir. 2002).................... 11

*United States v. Bauer*,
2014 WL 5493184 (M.D. Pa. Oct. 30, 2014) .................... 16

*United States v. Kordel*,
397 U.S. 1 (1970).................... 16

*United States v. Kwok*, 2024 WL 1250985,
(S.D.N.Y. Mar. 22, 2024) .................... 7

*Utesch v. Lannett Co., Inc.*,
2020 WL 7260775 (E.D. Pa. Dec. 9, 2020).................... 13

*Volmar Distributors, Inc. v. New York Post Co.*,
152 F.R.D. 36 (S.D.N.Y. 1993) .................... 11

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,*
7 F. Supp. 2d 523 (D.N.J. 1998) .................... 11

**OTHER AUTHORITIES**

RESTATEMENT (THIRD) OF AGENCY § 8.11 .................... 14

## **PRELIMINARY STATEMENT**[2]

Two facts doom MobileFuse's request for a stay: (1) MobileFuse—the only defendant in this adversary proceeding—is not under criminal indictment, and (2) MobileFuse has no Fifth Amendment privileges.

Although courts in the Third Circuit recognize that a stay *may* be warranted where a defendant in a civil matter is also under criminal indictment, such circumstances are not present here. The only defendant in this adversary proceeding is MobileFuse, and neither MobileFuse nor any of its current employees is under indictment. Indeed, MobileFuse proffers no evidence to suggest that any current employees are even under criminal investigation, much less have received a target letter or other indicia of potential prosecution. Rather, MobileFuse insists that the Court grant a stay because its ***former*** CEO, Ken Harlan, has been indicted. Despite MobileFuse's brief mentioning his name 45 times,[3] Mr. Harlan **is not** a defendant in this lawsuit, and MobileFuse cannot invoke his Fifth Amendment privileges as its own.

Rather than raising issues of constitutional importance, MobileFuse's argument is, at best, one of inconvenience: that Mr. Harlan's presumed invocation of Fifth Amendment privileges, together with the apparent refusal of MobileFuse's current employees to assist its defense, merits a blanket, interminable stay. But case law makes clear that such inconveniences—some of which appear illusory on closer inspection—do not warrant the extraordinary remedy of a stay.

## **NATURE AND STAGE OF THE PROCEEDING**

The Trustee does not dispute MobileFuse's procedural synopsis.[4]

---

[2] Capitalized terms not otherwise defined have the meanings assigned in the Amended Complaint [D.I. 24].

[3] Memorandum of Law in Support of MobileFuse, LLC's Motion for a Stay ("Def. Br.") [D.I. 50].

[4] *See* Def. Br. at 3-4.

## SUMMARY OF ARGUMENT

1. MobileFuse has failed to carry its burden of establishing that a stay of this adversary proceeding is warranted. The only defendant in this lawsuit is MobileFuse, and MobileFuse is not a defendant in the Criminal Proceeding (defined below). Moreover, MobileFuse has no Fifth Amendment privilege—thus rendering the case law on which MobileFuse relies largely inapposite.

2. The conclusion that a stay is not warranted is confirmed by the *Maloney* factors: (1) despite an overlap of facts between the Criminal Proceeding and this action, different issues are present in both and there is no overlap in the parties; (2) only non-party witnesses have been indicted, and MobileFuse has offered no evidence that its employees are the target of a criminal investigation; (3) prejudice from a stay here would be substantial to the Trustee, as the requested stay has no defined end; (4) the burden imposed on MobileFuse here is one merely of proof—and not the Hobson's choice where a stay might be warranted; and (5) both the interests of the Court and (6) public interest favor speedy resolution of this case.

3. Weighing the practicality of MobileFuse's request cements how a stay is not warranted. MobileFuse's stay request is overbroad, premature, and unnecessary. The granting of a blanket stay in this case—a stay that could last *years*—goes far beyond what may be needed to address any legitimate concerns MobileFuse may have related to Mr. Harlan's indictment. Such issues are much more appropriately addressed as they actually arise, instead of speculatively addressed on a premature basis with overbroad measures.

## COUNTER-STATEMENT OF FACTS AND OBJECTIONS

On August 7, 2025, an indictment criminally charging Anil Mathews, Rahul Agarwal, and Mr. Harlan was unsealed (the "Criminal Proceeding").[5] In Count One of the indictment, all three

[5] *United States v. Mathews, et al.*, Case No. 24-cr-00630-LGS (S.D.N.Y.), D.I. 6 & D.I. 7.

defendants were charged with "Conspiracy to Commit Securities Fraud, to Make False Filings with the Securities and Exchange Commission, to Improperly Influence the Conduct of Auditors, and to Falsify Books and Records." In Count Two, all three defendants were charged with securities fraud. In Counts Three and Four, Mr. Mathews was charged with wire fraud and aggravated identity theft. And in Count Five, Mr. Agarwal was charged with wire fraud.

Mr. Harlan was arrested and bonded out the day that the indictment was unsealed.[6] Two months later, on or around October 1, 2025, Mr. Harlan was replaced as CEO of MobileFuse.[7]

On January 27, 2026, the SEC brought civil charges against Messrs. Mathews, Agarwal, and Harlan, and MobileFuse (the "SEC Action"), alleging civil violations of securities laws similar to the security law charges brought in the Criminal Proceeding.[8] On March 12, 2026, the DOJ moved to intervene in the SEC Action and sought a stay until after the conclusion of Messrs. Mathews and Harlan's criminal trial. The DOJ explained that the purpose of such a stay was in order to prevent defendants' discovery in the SEC Action jeopardizing the DOJ's prosecution of the Criminal Proceeding.[9] All defendants—other than Mr. Agarwal, who remains a fugitive—consented to the DOJ's request and the SEC took no position, and the court granted the DOJ's stay request.[10]

[6] *United States v. Mathews, et al.*, Case No. 24-cr-00630-LGS (S.D.N.Y.), D.I. 13.

[7] *MobileFuse Appoints Charlotte Jackson as Chief Executive Officer*, MOBILEFUSE (Oct. 1, 2025), https://mobilefuse.com/news/98-mobilefuse-appoints-charlotte-jackson-as-chief-executive-officer. A copy of this news article is attached as Exhibit A.

[8] *SEC v. Mathews, et al.*, Case No. 26-cv-00693-JPC (S.D.N.Y.), D.I. 1.

[9] Government's Memorandum of Law in Support of its Application to Intervene and for a Complete Stay [D.I. 17], *SEC v. Mathews, et al.*, Case No. 26-cv-00693-JPC (S.D.N.Y. March 12, 2026) (noting the purpose of the stay request was "because any exchange of discovery in this action would be asymmetrical and would merely allow the defendants to circumvent the criminal discovery rules and improperly tailor their defenses in the Criminal Case").

[10] Order [D.I. 21], *SEC v. Mathews, et al.*, Case No. 26-cv-00693-JPC (S.D.N.Y. Apr. 23, 2026). A copy of the stay order is attached as Exhibit B.

MobileFuse's motion also references Matt Sessanta and Val Katayev. On information and belief, Mr. Sessanta is a current MobileFuse employee, and Mr. Katayev remains MobileFuse's managing member. Both are referenced in the Amended Complaint. MobileFuse offers no evidence—and the Trustee is not aware of any—that either Mr. Sessanta or Mr. Katayev is under indictment, has received a target letter from DOJ, or is otherwise the subject of any active criminal investigation.

The Trustee objects to MobileFuse's assertion that the DOJ "has confirmed to counsel for MobileFuse that the U.S. Attorney's Office for the Southern District of New York supports a stay of this Adversary Proceeding until the conclusion of the DOJ proceeding" as being hearsay, if not double hearsay.[11] Similarly, the Trustee also objects to MobileFuse's assertions regarding the respective "unavailability" of Mr. Harlan and MobileFuse employees Messrs. Sessanta and Katayev to assist MobileFuse as being hearsay, if not double hearsay.[12]

## ARGUMENT

### I. Legal Standard

The existence of a criminal proceeding does not trigger the stay of a related civil lawsuit, whether under the Constitution or any other basis.[13] Indeed, Third Circuit courts recognize that "[t]he stay of a civil case is an 'extraordinary remedy appropriate for extraordinary

[11] Def. Br. at 2-3; *see* Declaration of Robert F. Regan [D.I. 51] ("Regan Decl.") ¶ 15 (stating that "DOJ has authorized counsel for MobileFuse" to make this representation).

[12] *See* Regan Decl. ¶ 10 ("Defense counsel for Mr. Harlan has confirmed to counsel for MobileFuse that Mr. Harlan intends to preserve and maintain his Fifth Amendment right against self-incrimination while the DOJ Proceeding remains pending and, as such, is unavailable to MobileFuse in the defense of this Adversary Proceeding at least until after the DOJ Proceeding has been resolved."); *id.* ¶ 12 ("Counsel for Mr. Sessanta has already confirmed to counsel for MobileFuse that their client intends to preserve and maintain his Fifth Amendment rights and, thus, will be unavailable to consult with or assist MobileFuse with the defense of this action"); *id.* ¶ 13 ("Similarly, counsel for Mr. Katayev has confirmed that Mr. Katayev is declining to communicate with MobileFuse in light of the pending, criminal proceeding commenced by the DOJ.").

[13] *De Vita v. Sills*, 422 F.2d 1172, 1181 (3d Cir. 1970).

circumstances.'"[14] Additionally, "[t]he movant bears the burden of establishing the need for a stay, and must show its entitlement to that 'extraordinary remedy.'"[15] Courts look to a number of factors when making such a determination, including:

(1) the extent to which the issues in the civil and criminal cases overlap;

(2) the status of the criminal proceedings, including whether any defendants have been indicted;

(3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay;

(4) the burden on the defendants;

(5) the interests of the court; and

(6) the public interest.[16]

"The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter."[17] By contrast, in situations like this case, where the civil defendant is "not subject to criminal charges . . . the inappropriateness of a stay is manifest.'"[18]

## II. MobileFuse Fails to Establish that the Extraordinary Remedy of a Stay Is Warranted.

The principal justification to stay a civil lawsuit pending the completion of related criminal proceedings is to spare parties to the civil litigation the Hobson's choice of invoking their Fifth

---

[14] *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 623, 635-36 (E.D. Pa. 2010) (quoting *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir.1987)); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (stating that the stay of a civil case "to permit conclusion of a related criminal prosecution has been characterized as 'an extraordinary remedy.'" (citation omitted)).

[15] *Deloitte Consulting LLP v. Sagitec Sols. LLC*, 2023 WL 6037201, at *1 (D. Del. Sept. 15, 2023) (collecting cases).

[16] *Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004).

[17] *Id.* (citation omitted).

[18] *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002) (quoting *In re Mid–Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 360 (D.Md.1981)).

Amendment privileges at the risk of losing the civil suit. That justification is absent here. Former MobileFuse CEO Harlan is not a defendant in this lawsuit, and Defendant MobileFuse is not under criminal indictment. Moreover, even if MobileFuse was under indictment, the company has no Fifth Amendment rights to invoke.[19]

Those two facts are sufficient grounds to deny MobileFuse's request.[20] Even so, a more detailed analysis leads to the same result. Here, nearly every *Maloney* factor weighs against granting a stay.

**A. Similarity of Issues**

The Trustee does not dispute that this adversary proceeding and the Criminal Proceeding share many underlying facts, but MobileFuse overstates the overlap of issues between the two proceedings.[21]

First, MobileFuse ignores that an overlap in the *facts* does not equate to an overlap in the *issues*. This distinction is illustrated in *In re New Jersey Tax Sales Certificates Antitrust Litigation*.[22] There, the court denied a stay even though the civil and criminal proceedings both concerned the same alleged Sherman Act violations. As explained by the court, "while the ***facts***

---

[19] *See Braswell v. United States*, 487 U.S. 99, 105 (1988) (explaining that it is a settled question "that a corporation has no Fifth Amendment privilege"); *In re Grand Jury Empaneled on May 9, 2014*, 786 F.3d 255, 258 (3d Cir. 2015) ("[C]orporations . . . are not entitled to invoke the Fifth Amendment's privilege against self-incrimination.").

[20] *See, e.g.*, *Boynes v. Limetree Bay Ventures, LLC*, 2026 WL 412328, at *12 (D.V.I. Feb. 12, 2026) ("Moving Defendants have no Fifth Amendment privilege at stake which belong to them as civil litigants in this litigation. The Court is not aware of any case law . . . wherein the rationale for a stay based upon an invocation of the Fifth Amendment privilege has been stretched to protect a corporate defendant under circumstances such as these."); *In re 650 Fifth Ave.*, 2011 WL 3586169, at *15 (S.D.N.Y. Aug. 12, 2011) (denying motion for stay by corporate claimants in civil forfeiture action, and further explaining "if '[a] party who chooses to assert the privilege against self-incrimination in a civil case must live with the consequences,' it is all the more true that a corporation must live with the consequences of the corporate form, one of which is the inability to claim the Fifth Amendment privilege on behalf of corporate officers" (citations omitted)).

[21] *See, e.g.*, *Deloitte*, 2023 WL 6037201, at *2 (denying motion to stay while acknowledging that "[t]his factor weighs somewhat in favor of granting a stay, but not as much as [the defendant] contends").

[22] 2014 WL 5512661 (D.N.J. Oct. 31, 2014) (unpub.).

underlying both the civil and criminal matters overlap, the issue most relevant to Defendant's sentencing [in the criminal proceeding] . . . [is his] scope of his cooperation . . . , [which] has little to do with the issues most relevant in this [civil] matter."[23]

Here, the determinative issues in the Criminal Proceeding have little to do with the determinative issues for the claims in this proceeding. For example, this adversary proceeding has little interest in issues such as Mr. Mathews' embezzlement scheme or SEC filings. And the Criminal Proceeding will not be focused around critical issues in this adversary proceeding, such as insolvency, reasonably equivalent value, and breach of contract.

Second, and most importantly, MobileFuse is **not** a defendant in the Criminal Proceeding, and thus "the actions do not fully overlap."[24] As noted by courts in the Third Circuit, "[a] court is less likely to grant a stay if the issues in parallel civil and criminal proceedings do not completely overlap."[25] Thus, even if this factor may arguably "weigh[] somewhat" in MobileFuse's favor, the lack of overlap in parties (including their current employees) highlights how every other factor addressed below weighs against a stay being granted.[26]

---

[23] *Id.* at *13 (emphasis added); *see also, e.g.*, *United States v. Kwok*, 2024 WL 1250985, at *4 (S.D.N.Y. Mar. 22, 2024) (determining that despite some overlap between bankruptcy and criminal proceedings, "the criminal case 'concerns alleged conduct by [defendant] that is not at issue in the bankruptcy proceedings'" and therefore this factor weighs against a stay).

[24] *Deloitte*, 2023 WL 6037201, at *2.

[25] *Id.* (quoting *Cress v. City of Ventnor*, 2009 WL 750193, at *2 (D.N.J. Mar. 18, 2009)); *see, e.g.*, *Robinson v. Kelly*, 2026 WL 221468, at *3 (D.N.J. Jan. 28, 2026) ("While the two actions arose out of the same underlying events, there is no overlap in parties or claims. This alone weighs against a stay."); *see also, e.g.*, *Chorches v. Ogden (In re Bolin & Co., LLC)*, 2012 WL 3730410, at *2 (D. Conn. June 27, 2012) (emphasizing that, despite some overlap in underlying facts, "there is no overlap of parties between the civil and criminal cases," as "no party here is a criminal defendant there," and therefore determining this factor to be neutral).

[26] *See Deloitte*, 2023 WL 6037201, at *2 (determining that the "similarity of issues" factor "weighs somewhat in favor of a stay, but not as strongly as it would if the charges in the criminal case were still pending and if [the civil defendant] was itself a defendant in [the criminal] case").

### B. Status of Criminal Proceedings

This factor weighs heavily against granting a stay here. Courts in the Third Circuit and elsewhere have repeatedly emphasized that "[w]hen a party seeking a stay has not yet been indicted, the court may deny the motion 'on that ground alone.'"[27] That is our situation: the sole defendant in this adversary proceeding is MobileFuse, and MobileFuse is not under criminal indictment.

MobileFuse instead tries to hide behind the indictment of its former CEO, claiming that the burden "on Mr. Harlan's Fifth Amendment rights and the risk that his criminal defense strategies will be exposed in the absence of a stay are significant."[28] This is sleight of hand. Mr. Harlan is not a party to this lawsuit, and thus the "Hobson's choice" dilemma animating much of the stay jurisprudence is absent here—*i.e.*, Mr. Harlan is not being forced to choose between "making potentially incriminating admissions during discovery or asserting his Fifth Amendment rights and losing his case."[29] Moreover, MobileFuse's focus on Mr. Harlan's purported burdens is both speculative and misplaced, as "the Fifth Amendment privilege of [Mr. Harlan] is ***personal to him***" and MobileFuse "may not assert [Mr. Harlan's] privilege for him."[30]

MobileFuse makes a similar, albeit half-hearted, attempt to hide behind the Fifth Amendment privileges of current employee Sessanta and managing member Katayev, arguing that

---

[27] *Barker v. Kane*, 149 F. Supp. 3d 521, 527 (M.D. Pa. 2016) (citing *Beckham-Easley*, 2002 WL 31111766, at *2); *see also Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) ("The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980))); *Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 247 (S.D.N.Y. 2015) ("Courts in this district have generally agreed that a stay is not appropriate absent an indictment or special circumstances." (collecting cases)).

[28] Def. Br. at 16.

[29] *In re Bolin*, 2012 WL 3730410, at *3 (denying motion for stay because party making the request did not face "the typical [Hobson's choice] dilemma that a stay is designed to avoid").

[30] *Slone-Stiver v. Kossoff (In re Tower Metal Alloy Co.)*, 188 B.R. 954, 956 (Bankr. S.D. Ohio 1995) (explaining that movants for a stay cannot vicariously assert Fifth Amendment privileges of others).

"the burden on the Fifth Amendment rights . . . any of MobileFuse's executives or employees whose testimony may be sought[] outweighs Plaintiff's interests."[31] But relying on Messrs. Sessanta or Katayev (or any other employee) as a basis for their stay request is even weaker than relying on Mr. Harlan, as MobileFuse has presented no evidence whatsoever that Messrs. Sessanta or Katayev (or any other employee) is under an active criminal investigation. This is precisely the kind of scenario where stays routinely are denied, as such circumstances involve too much uncertainty as to length of the stay and the potential burdens are far too speculative.[32]

**C. Plaintiff's Interests**

In arguing that the "burden of delay" from a stay would be minimal, MobileFuse asserts that "the criminal case is clearly 'moving closer to resolution.'"[33] But MobileFuse fails to mention that Mr. Harlan could very well invoke his Fifth Amendment privileges long after the criminal trial has concluded—as Mr. Harlan still maintains Fifth Amendment rights through sentencing and appeals.[34] Additionally, the length of stay being requested here is even more uncertain as to Messrs. Sessanta and Katayev. As MobileFuse must know, both individuals still may invoke their Fifth Amendment privileges long past Mr. Harlan's criminal trial. In effect, MobileFuse seeks an indeterminable stay.

In situations where "defendants are asking for a stay of an undetermined, but possibly prolonged, period of time," courts "are reluctant to order a stay," as "the prejudice to plaintiffs is

---

[31] Def. Br. at 17.

[32] *See, e.g.*, *Boynes v. Limetree Bay Ventures, LLC*, 2026 WL 412328, at *7 (D.V.I. Feb. 12, 2026) ("Here, the lack of an indictment in a hypothetical parallel criminal case is alone sufficient reason to deny a stay." (collecting cases)).

[33] Def. Br. at 16.

[34] *See In re New Jersey Tax Sales Certificates Antitrust Litig.*, 2014 WL 5512661, at *13 (D.N.J. Oct. 31, 2014) (noting "the Supreme Court has expressly held that Fifth Amendment protections extend into the sentencing phase" (citing *Mitchell v. United States*, 526 U.S. 314, 325 (1999))).

great."[35] Thus, while MobileFuse claims that delay alone is not adequate for this factor,[36] the issue here is not mere delay but instead prolonged delay with no known end point. Indeed, Third Circuit courts repeatedly hold that such indefinite delays are highly prejudicial to plaintiffs.[37] Additionally, as explained in *State Farm Mutual Automobile Insurance Co. v. Beckham-Easley*, while "[t]he Court *may* insist that the Plaintiff establish more 'prejudice' than simply 'the right to pursue his case and vindicate his claim expeditiously' . . . 'it would be perverse if plaintiffs who claim to be the victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities.'"[38]

The Trustee's interests thus weigh heavily against a stay.

**D. Burden on Defendants**

As discussed, MobileFuse does not face the paradigmatic dilemma of having to choose between invoking its Fifth Amendment privileges or risk losing the civil suit. Instead, the actual burden here, according to MobileFuse, is its "impair[ed] . . . ability to defend itself."[39] This is a less serious burden "that a civil stay was [not] designed to protect."[40] Moreover, as addressed

---

[35] *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 623, 636 (E.D. Pa. 2010).

[36] *See* Def. Br. at 16-17.

[37] *Robinson v. Kelly*, 2026 WL 221468, at *4 (D.N.J. Jan. 28, 2026) ("Should the Court grant a stay, Plaintiff would face unnecessary prejudice in being forestalled from pursing her claims," particularly in light of the "indefinite delay in litigation" that would result from such a stay); *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002) ("The indefiniteness surrounding the criminal investigation places a burden on the plaintiffs.").

[38] 2002 WL 31111766, at *3 (quoting *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 575 (S.D.N.Y. 2001)).

[39] Def. Br. at 18.

[40] *Boynes v. Limetree Bay Ventures, LLC*, 2026 WL 412328, at *12 (D.V.I. Feb. 12, 2026) (rejecting similar burden argument, and stating that corporate defendants' "'ability to present any valid defenses' and protection from 'adverse inferences' that may be imputed to them . . .are not interests that a civil stay was designed to protect").

below, many of MobileFuse's concerns related to such a burden are speculative and premature. Accordingly, this factor weighs against a stay.

Despite this burden being more inconvenience than constitutional, MobileFuse repeatedly gestures towards case law in which one or more of the parties to the civil lawsuit are under criminal indictment (or at least a criminal investigation target).[41] This includes MobileFuse misdescribing both the facts and holding in *Texaco, Inc. v. Borda*.[42] The related criminal proceeding in *Borda* involved the prosecution of eight oil companies who were Texaco's co-defendants in the civil case.[43] These indicted co-defendants filed a motion to stay that specifically referenced their burden and risk.[44] The party challenging this broad stay on appeal was actually unindicted Texaco, and the Third Circuit partially ruled in Texaco's favor.[45]

MobileFuse's reliance on *SEC v. Desai* is similarly misplaced.[46] That case also matches the paradigmatic example because one of the defendants—Mr. Desai—was also under criminal indictment.[47] Moreover, as made clear by the lower court decision, Desai—not his company—is

---

[41] *See, e.g.*, *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (defendants received target letters, and US Attorney participated in oral argument at stay hearing and "also submitted a sealed, in camera affidavit elaborating on the status of the criminal investigation"); *Rad Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 278 (3d Cir. 1986) (plaintiff was subject of federal grand jury investigations); *United States v. $557,933.89, More or Less in U.S. Funds*, 1998 WL 817651, at *1 (E.D.N.Y. Mar. 2, 1998) (civil forfeiture proceeding against suspected drug smuggler who was under active criminal investigation that ultimately resulted in a related guilty plea to drug charges one year later, as described in *United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 74 (2d Cir. 2002)); *In re Julmice*, 458 B.R. 657, 663 (Bankr. E.D.N.Y. 2011) (two of the civil defendants were indicted); *In re Adelphia Commc'ns Sec. Litig.*, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003) ("indictments were returned against several of the civil defendants"); *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("every moving defendant, with the exception of [one], is currently facing criminal charges in New York Supreme Court").

[42] *See* Def. Br. at 18 (citing *Borda*, 383 F.2d 607 (3d Cir. 1967)).

[43] *Borda*, 383 F.2d at 608.

[44] *Id.* at 608-09.

[45] *Id.* at 608, 610.

[46] *See* Def. Br. at 18 (citing *Desai*, 672 F. App'x 201, 205 (3d Cir. 2016) (unpub.)).

[47] *Desai*, 672 F. App'x at 203-04.

the one who brought the motion to stay (default judgment had already been entered against his company).[48]

Indeed, the ***sole*** case MobileFuse cites involving a stay where none of the defendants was under indictment or criminal investigation is *Medical Investment Co. v. International Portfolio, Inc.*, but it too is distinguishable.[49] In *Medical Investment*, a corporate defendant obtained a stay based on the indictment of its sole shareholder and then-president. Critical to the court's conclusion, however, was that the indicted individual was "the sole principal" of the company and "therefore 'the only person who can testify competently regarding [the company's] operations.'"[50] "The [*Medical Investment*] court therefore treated the case as equivalent to a case in which the defendant in the civil and criminal are the same."[51] MobileFuse does not contend that Mr. Harlan is its sole principal—indeed, he stopped being CEO nearly a year ago—and, unlike the defendant in *Medical Investment*, MobileFuse proffers no evidence that Mr. Harlan is "the only person who can testify competently regarding [MobileFuse's] operations." *Medical Investment* is thus inapposite.

Regardless, MobileFuse insists that it needs a stay because (1) MobileFuse needs "the assistance of Mr. Harlan" to "develop its defenses and address the issues in this case"; and (2) MobileFuse needs "key witness[es]" that "will likely be unavailable for purposes of discovery."[52] Neither ground withstands scrutiny.

---

[48] *SEC v. Desai*, 145 F. Supp. 3d 329, 333 (D.N.J. 2015)).

[49] 2014 WL 2452193 (E.D. Pa. May 30, 2014).

[50] *Id.* at *3.

[51] *Deloitte Consulting LLP v. Sagitec Sols. LLC*, 2023 WL 6037201, at *2 n.1 (D. Del. Sept. 15, 2023).

[52] Def. Br. at 5, 19.

*1. Pre-Trial Assistance*

MobileFuse never explains why Mr. Harlan's assistance is purportedly "critical" to its defense.[53] This criticality idea supposes both that Mr. Harlan would assist MobileFuse's defense and that no other witness could help. A similar argument was called out for its speculative nature by the district court in *In re Bolin & Co., LLC*.[54] Like here, the movant in *In re Bolin* faced a problem of proof, due to a non-party key witness being indicted. As the court explained, however, "even if a stay is granted, there is no guarantee that [the indicted non-party witness] will be any more cooperative once his criminal case concludes."[55]

Conversely, if Mr. Harlan wants to help MobileFuse in its defense, conversations between Mr. Harlan and MobileFuse's counsel regarding events taking place during Mr. Harlan's tenure as MobileFuse's CEO are protected under attorney-client privilege and work product. Indeed, MobileFuse's own case law makes this very observation, with the Ninth Circuit noting, "the *Upjohn* rationale necessarily extended the privilege to former corporate employees" because "[f]ormer employees, as well as current employees, may possess the relevant information needed by corporate counsel to advise the client with respect to actual or potential difficulties."[56]

To lessen concerns, the Trustee is willing to agree that conversations between MobileFuse's counsel and its current and former employees about the Payment Scheme are

---

[53] *Id.* at 1.

[54] *See Chorches v. Ogden (In re Bolin & Co.)*, 2012 WL 3730410, at *3 (D. Conn. June 27, 2012).

[55] *Id.*

[56] *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Ariz.*, 881 F.2d 1486, 1493 (9th Cir. 1989); *see also In re Flonase Antitrust Litig.*, 723 F. Supp. 2d 761, 764 (E.D. Pa. 2010) ("Although the Court in *Upjohn* declined to rule on whether the scope of the attorney-client privilege should extend to communications between a corporate client and the client's former employees, many courts have since afforded such protection." (collecting cases)); *Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 112 (S.D.N.Y. 2005) ("Virtually all courts hold that communications between company counsel and former company employees are privileged if they concern information obtained during the course of employment."); *see also, e.g.*, *Utesch v. Lannett Co., Inc.*, 2020 WL 7260775, at *9 (E.D. Pa. Dec. 9, 2020) (holding that materials prepared in connection with investigatory interviews of current or former employees were protected as attorney work product).

protected from discovery. And to the extent that Mr. Harlan still has concerns, additional protections can be put in place by MobileFuse and Mr. Harlan, such as joint-defense and common-interest agreements. In sum, MobileFuse's lament that Mr. Harlan cannot assist MobileFuse until after his criminal trial rings hollow: if Mr. Harlan wishes to assist MobileFuse, he is free to do so now; and if Mr. Harlan refuses to assist MobileFuse now, the Court has no reason to infer that his position will change after his criminal trial.

Relatedly, to the extent in which MobileFuse asserts that Messrs. Sessanta and Katayev are also "unavailable" to provide pre-trial assistance to MobileFuse,[57] any such argument makes little sense from the outset. First, it is black-letter law that employees, such as Mr. Sessanta, owe a duty to assist their employers in situations like this.[58] Thus, Mr. Sessanta is hardly "unavailable" to assist MobileFuse in its defense—it is part of his job to do so. Second, the privilege protections just discussed with respect to Mr. Harlan are even more crystal clear with respect to current employees and managing members. Accordingly, the purported (and unverified) "unavailability" of Messrs. Sessanta and Katayev is questionable at best.

Lastly, the Trustee notes that MobileFuse's assertions about its inability to currently build its defense ring particularly hollow in light of MobileFuse's Answer [D.I. 47]. In its Answer, MobileFuse not only responded to each of the 146 paragraphs of the Amended Complaint, it also

---

[57] *See* Def. Br. at 2 ("[C]ounsel for both Mr. Katayev and Mr. Sessanta have already confirmed to counsel for MobileFuse that their clients will be unavailable to discuss this matter with MobileFuse as a result of the pending, criminal DOJ Proceeding.").

[58] *See, e.g.*, *Gilman v. Marsh & McLennan Companies, Inc.*, 826 F.3d 69, 74 (2d Cir. 2016) (explaining that employers are " presumptively entitled to seek information from its own employees about suspicions of on-the-job criminal conduct," and corporate officers "ha[ve] a duty to [the corporation] to disclose information they ha[ve] about [criminal] allegations" involving the corporation); *see also* RESTATEMENT (THIRD) OF AGENCY § 8.11 ("An agent has a duty to use reasonable effort to provide the principal with facts that the agent knows, has reason to know, or should know when . . . the agent knows or has reason to know that the principal would wish to have the facts or the facts are material to the agent's duties to the principal . . . .").

pleaded 10 affirmative defenses and asserted two counterclaims concerning the same contracts at issue in the Amended Complaint.

*2. Key Witnesses*

MobileFuse makes the additional argument that Mr. Harlan and other "key witnesses," including Messrs. Sessanta and Katayev, are likely to invoke their Fifth Amendment privileges while testifying, but this argument is equally unavailing. Courts have repeatedly rejected "key witnesses" arguments like the one MobileFuse urges. For example, the district court in *Deloitte* concluded that a corporate defendant's argument that it could not "properly defend itself when key witnesses . . . are muted by Fifth Amendment concern" was "merely speculative" and did not weigh in favor of a stay.[59] As the court further explained, the company "can have any of its unindicted employees serve as its witnesses and can produce documents which will speak for themselves."

The court in *In re 650 Fifth Ave* addressed the argument more bluntly:

> [Movants] do not explain why the fact that their employees may not testify because of the [Fifth Amendment] privilege makes their situation any more dire or unfair than that of any other party who cannot find witnesses to testify on his behalf. A criminal defendant on trial for his liberty—or even his life—is often faced with the problem that others involved in events related to the alleged crime will invoke the privilege rather than testify. Yet such a defendant would hardly be heard to complain that it is unfair for the government to try him before completing its investigation into or immunizing his potential witnesses.[60]

MobileFuse's reliance on *United States v. Kordel* is also misplaced. Unlike the defendant in *Kordel*, MobileFuse has not carried its burden to demonstrate that "no one can respond to discovery requests addressed to [MobileFuse] 'without subjecting himself to a "real and

[59] 2023 WL 6037201, at *4 (D. Del. Sept. 15, 2023).

[60] 2011 WL 3586169, at *7 (S.D.N.Y. Aug. 12, 2011).

appreciable" risk of self-incrimination.'"[61] Discovery in this case will likely be focused on issues like MobileFuse's reasonably equivalent value defense, insolvency, and performance under the Usage Agreements (or lack thereof). MobileFuse has not carried its burden to prove that Messrs. Harlan, Sessanta, and Katayev are the only witnesses who can testify on such topics.[62]

### E. Interests of the Court and Public

The final two factors both weigh against entering a stay. As Third Circuit case law makes clear, "[c]ourt[s] have an interest in judicial efficiency in terms of managing [their] caseload."[63] Thus, as here, when a requested stay involves uncertain periods of delay, such circumstances weigh against granting a stay.[64] Similarly, "the public ha[s] a compelling interest in efficient resolution of cases and judicial economy."[65] This is particularly true here, where a "prompt resolution of the Trustee's claims against [MobileFuse] is in the clear interest of creditors."[66] Conversely, "[t]he

---

[61] *See* Def. Br. at 12-13 (quoting *Kordel*, 397 U.S. 1, 8-9 (1970)).

[62] *See, e.g.*, *In re Shubh Hotels Pittsburgh, LLC*, 495 B.R. 274, 291 (Bankr. W.D. Pa. 2013) ("[T]he Defendants and [Movant] have not convinced this Court that the Defendants could not call any other witness to testify on their behalf regarding whether the Debtor received value in exchange the Transfer at issue in the Adversary Proceeding.").

[63] *Strategic Env't Partners, LLC v. State of New Jersey Dep't of Env't Prot.*, 2016 WL 3267285, at *5 (D.N.J. June 8, 2016); *see also Forman v. Otlowski (In re NJ Affordable Homes Corp.)*, 2007 WL 869577, at *6 (Bankr. D.N.J. Mar. 19, 2007) ("The interest of judicial efficiency, comprised of the swift, facile, and just resolution of matters placed before the Court, is always close at hand.") (unpub.); *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002) ("The Court has an interest in managing its caseload with efficiency."); *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 623, 636 (E.D. Pa. 2010) ("The judiciary's interests are furthered by the 'just, speedy, and inexpensive determination of every action and proceeding,' a policy at odds with a stay of indeterminate length." (citations omitted)).

[64] *See, e.g.*, *Beckham-Easley*, 2002 WL 31111766, at *3 (explaining that "[t]his case is shrouded with uncertainty as there is no way to predict when, if ever, the criminal investigation will ripen into an indictment or end without one" and determining that "[t]his 'limbo' status weighs against a stay as 'it is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by' the defendants"); *Cress v. City of Ventnor*, 2009 WL 750193, at *3 (D.N.J. Mar. 18, 2009) (concluding requested stay would be indefinite and thus "[t]his factor weighs against granting a stay"); *Strategic Env't Partners*, 2016 WL 3267285, at *5 (same).

[65] *United States v. Bauer*, 2014 WL 5493184, at *3 (M.D. Pa. Oct. 30, 2014); *see, e.g.*, *In re Shubh*, 495 B.R. at 291 ("There is a public interest in advancing both proceedings, and no public harm in allowing both cases to proceed simultaneously.").

[66] *Halperin v. Moreno (In re Green Field Energy Servs., Inc.)*, 2017 WL 2729065, at *3 (Bankr. D. Del. June 23, 2017).

public interest in the expeditious administration of bankruptcy cases is impaired by obstructing a trustee's efforts to collect, liquidate and distribute assets to creditors of the estate."[67]

MobileFuse claims that a stay would promote judicial economy in two ways. First, MobileFuse argues that witnesses invoking their Fifth Amendment rights will "forc[e] the Court to repeatedly decide numerous privilege issues throughout the course of discovery in this case."[68] This argument lacks even facial plausibility. The Court cannot overrule an individual's invocation of Fifth Amendment rights, and as discussed above, the Trustee will agree to appropriate protections covering conversations between MobileFuse's counsel and its current and former employees. Additionally, MobileFuse offers no explanation for why the Court should address potential discovery issues with a blanket stay rather than in a more targeted, efficient manner.[69]

Second, MobileFuse argues that "a determination in the DOJ Proceeding may resolve issues in the Adversary Proceeding."[70] But as addressed when discussing the "Similarity of Issues" factor, the issues primarily in dispute in this lawsuit do not overlap with the Criminal Proceeding.[71] And MobileFuse offers no specifics on what it believes the Criminal Proceeding will resolve that would simplify this litigation. Accordingly, MobileFuse has not carried its burden to establish that a stay is in the Court's interest.

---

[67] *Id.* (quoting *Carroll v. Unicom AP Chem. Corp.* (*In re MGL Corp.*), 262 B.R. 324, 330 (Bankr. E.D. Pa. 2001)).

[68] Def. Br. at 21.

[69] *See, e.g.*, *Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 248 (S.D.N.Y. 2015) ("While defendants warn that denying the stay may require the Court to adjudicate discovery disputes should Foster choose to assert his privilege, the Court is prepared to deal with that issue if and when it arises."); *Kozyak v. Poindexter (In re Fin. Federated Title & Tr., Inc.)*, 252 B.R. 834, 839 (Bankr. S.D. Fla. 2000) ("[T]he interests of this Court, as well as the public interest in administering the estate and compensating creditors, can only be served by resolving this Adversary Proceeding, including any discovery issues which may arise, as efficiently and expeditiously as possible.").

[70] Def. Br. at 21.

[71] *See supra* Part II.A.

The same is true with respect to the public interest factor. MobileFuse merely repeats its judicial economy argument and then declares that a stay "will advance the public interest by 'allowing the underlying criminal matter to come to a complete, unimpeded conclusion.'"[72] Yet, MobileFuse never explains how or why this case would impede the Criminal Proceeding. MobileFuse has thus failed to present the necessary connection, if any, between this case and the public interest in not impeding a criminal proceeding.[73]

In sum, both the interests of the court and the public weigh against a stay here.

## III. MobileFuse's Requested Stay Is Overbroad and Unnecessary.

Putting aside that the *Maloney* factors weigh against granting a stay, the stay that MobileFuse requests is also unnecessary. First, as noted above, it is interminable. Although MobileFuse points to the Criminal Proceeding's trial setting in January 2027 and feints that any stay of this proceeding would dissolve soon thereafter, the import of MobileFuse's stay request is far broader. There is no guarantee that the Criminal Proceeding will actually proceed to trial in January 2027. Plus, in seeking a stay "pending the resolution of [Mr. Harlan's] parallel criminal proceeding," MobileFuse is actually asking the Court to stay this proceeding until the criminal trial has concluded and Mr. Harlan has exhausted *all* appeals and potential re-trials. Although framed as a four-month pause, MobileFuse's request would ice this proceeding for potentially *years*, all because a single non-party, ex-employee witness has been indicted.

Second, a stay here is premature, and the blanket stay that MobileFuse requests is overbroad. Limited protective orders can solve nearly all of MobileFuse's concerns and can

[72] Def. Br. at 22 (citing *Peterson v. Matlock*, 2011 WL 5416571, at *5 (D.N.J. Nov. 7, 2011) (unpub.)).

[73] *Peterson*, 2011 WL 5416571, at *5.

certainly do so in the near term.[74] This case can proceed through document and written discovery, as well as party depositions and expert witness discovery, while the Criminal Proceeding progresses in parallel. If MobileFuse is concerned that Messrs. Harlan, Sessanta, and Katayev will all invoke Fifth Amendment rights under oath, the Court can limit the Trustee's ability to depose those non-party witnesses without imposing a blanket stay.

Third, the Trustee's proposed scheduling order already sufficiently pauses this proceeding. It stays all discovery until the parties have mediated as required by Local Rule 9019-5(a). *See* Docket No. 54, Ex. A. The logistics of mediation—choosing a mediator, the mediator's availability, and the parties' availability—make it unlikely that the mandatory mediation will conclude before November. At that point, the 30-day response periods permitted by Fed. R. Bankr. P. 7026, *et seq*. and the Thanksgiving and December holidays make it unlikely that this proceeding will have progressed much beyond document and written discovery by Mr. Harlan's January 2027 trial setting. And even if depositions begin before that trial starts, the depositions of party representatives and other non-party witnesses can occur until the trial concludes. Again, logistics and experience counsel against the idea that a deposition of Messrs. Harlan, Sessanta, or Katayev would be calendared before February 2027. Indeed, the Trustee is willing to stipulate that it will not set those non-parties' depositions for a date earlier than February 8, 2027.

In sum, putting aside its legal deficiencies, there is no practical reason to impose the premature, overbroad, and interminable stay that MobileFuse requests.

---

[74] *See In re Shubh Hotels Pittsburgh, LLC*, 495 B.R. 274, 291 (Bankr. W.D. Pa. 2013) ("[O]ther options exist to protect [the indicted company president] outside of the extraordinary remedy of staying the proceedings. For example, the Court can place [the president's] testimony under seal, or order a bond to protect the plaintiffs.").

## CONCLUSION

For all these reasons, the Trustee respectfully requests that the Court deny MobileFuse's motion to stay in its entirety.

Dated: September 22, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Beth E. Levine (*pro hac vice*)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
T: (302) 652-4100
F: (302) 652-4400
bsandler@pszjlaw.com
blevine@pszjlaw.com
pkeane@pszjlaw.com

-and-

**REID COLLINS & TSAI LLP**

Eric D. Madden (*pro hac vice*)
Brandon V. Lewis (*pro hac vice*)
Brian J. Bah (*pro hac vice*)
1445 Ross Avenue, Suite 2900
Dallas, TX 75202
T: (214) 420-8900
F: (214) 420-8909
emadden@reidcollins.com
blewis@reidcollins.com
bbah@reidcollins.com

*Counsel for Drivetrain, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al. Litigation Trust*