**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11962 (TMH) |
| DRIVETRAIN, LLC, as Plan Administrator and Litigation Trustee of Near Intelligence, Inc. et al., Litigation Trust,<br><br>Plaintiff,<br>v.<br>MOBILEFUSE, LLC,<br><br>Defendant. | Adv. Pro. No. 25-52298 (TMH) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MOBILEFUSE, LLC'S MOTION FOR A STAY**

**THE ROSNER LAW GROUP LLC**
Frederick B. Rosner (DE #3995)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
rosner@teamrosner.com

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
Kevin Schlosser, Esq.
Robert F. Regan, Esq.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
(516) 741-6565
kschlosser@msek.com
rregan@msek.com

Dated: September 29, 2026

*Counsel to Defendant MobileFuse LLC*

[1] The Debtors in these chapter 11 cases are Near Intelligence, Inc., Near Intelligence LLC, Near North America, Inc., and Near Intelligence Pte. Ltd. (collectively "Debtor" or "Near").

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 3

I. THE ADVERSARY PROCEEDING SHOULD BE STAYED PENDING THE RESOLUTION OF THE DOJ PROCEEDING IN THE INTEREST OF JUSTICE ........ 3

1. Similarity of Issues ........ 3
2. Stage of the Criminal Proceeding ........ 4
3. Prejudice to the Plaintiff ........ 5
4. Burden on Defendants ........ 6
5. Interests of the Court ........ 12
6. Public Interest ........ 13

II. THE REQUESTED STAY IS REASONABLE AND APPROPRIATE ........ 14

CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 650 Fifth Avenue*,
2011 WL 3586169 (S.D.N.Y. Aug. 12, 2011) ........ 8

*In re Adelphia Commc'ns Sec. Litig.*,
No. 02–cv–1781, 2003 WL 22358819 (E.D. Pa. 2003) ........ 5, 11

*Boynes v. Limetree Bay Ventures, LLC*,
2026 WL 412328 (D.V.I. Feb. 12, 2026) ........ 7, 8

*Chorches v. Ogdon (In re Bolin & Co., LLC)*,
2012 WL 3730410 (D. Conn. June 27, 2012) ........ 8, 9

*Deloitte Consulting LLP v. Sagitec Solutions LLC*,
2023 WL 6037201 (D. Del. Sept. 15, 2023) ........ 8

*In re Derivative Litig.*,
No. 06–cv–02964, 2007 WL 1101276 (E.D. Pa. 2007) ........ 6

*In re Kowalski*,
633 B.R. 822 (Bankr. N.D. Ill. 2021) ........ 4, 5

*Medical Investment Co. v. International Portfolio, Inc.*,
No. 12-3569, 2014 WL 2452193 (E.D. Pa. 2014) ........ *passim*

*Ohio v. Reiner*,
532 U.S. 17 (2001) ........ 11

*Peterson v. Matlock*,
No. 11–cv–2594, 2011 WL 5416571 (D.N.J. 2011) ........ 13

*Rad Services, Inc. v. Aetna Cas. and Sur. Co.*,
808 F.2d 271 (3d Cir. 1986) ........ 6

*Reyes v. Freeberry*,
141 F. App'x 49 (3d Cir. 2005) ........ 1

*Securities & Exchange Commission v. Desai*,
672 F. App’x 201 (3d Cir. 2016) ........ 6

*State Farm Mutual Automobile Insurance Company v. Beckham-Easley*,
2002 WL 31111766 (E.D. Pa. 2002) ........ 14

*Texaco, Inc. v. Borda*,
383 F.2d 607 (3d Cir. 1967)....................6

*Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*,
886 F. Supp. 1134 (S.D.N.Y. 1995)....................13

*Tucker v. New York Police Dep't*,
No. 08–cv–2156, 2010 WL 703189 (D.N.J. 2010), *aff'd in part,* 408 Fed. App'x 513 (3d Cir. 2010)....................5

*U.S. v. Kordel*,
397 U.S. 1 (1970)....................2, 5, 6, 7

*Walsh Securities, Inc. v. Cristo Prop. Mgmt. Ltd.*,
7 F.Supp.2d 523 (D.N.J. 1998)....................12

*Wells v. City of Memphis*,
2026 WL 1046671 (W.D. Tenn. Apr. 17, 2026)....................8

**Other Authorities**

Fed.R.Civ.P. 8(b)(5)....................11

## PRELIMINARY STATEMENT

Defendant MobileFuse LLC ("MobileFuse") respectfully submits this Reply Memorandum of Law in further support of its motion ("Motion") for a stay of this adversary proceeding ("Adversary Proceeding") commenced by plaintiff Drivetrain, LLC ("Drivetrain") pending the resolution of the parallel criminal proceeding ("DOJ Proceeding") against the former officers of the Debtor ("Near Insiders") and Kenneth Harlan ("Mr. Harlan"), the former CEO and current principal owner of MobileFuse.

In its opposition, Drivetrain fails to meaningfully address the primary basis for the stay – the fact that all of the relevant witnesses identified by Drivetrain, including the key witness to MobileFuse's defense, will likely be unavailable to participate in this case or to assist MobileFuse in mounting its defense while the DOJ Proceeding is pending. Indeed, Drivetrain fails to identify a single witness with personal knowledge of the facts that will be available. As a result, Drivetrain completely ignores the practical impossibility of MobileFuse meaningfully defending itself in the absence of the requested stay. Furthermore, contrary to Drivetrain's arguments, MobileFuse does not contend that it has been indicted or that it possesses Mr. Harlan's Fifth Amendment rights. Rather, as previously explained by MobileFuse, where a corporation's defense in a civil case necessarily depends on testimony from an indicted officer or employee who will be invoking the Fifth Amendment, and there are no other officers or employees to aid in the defense, courts will stay the civil case while the parallel criminal case remains pending to avoid confounding the corporation's defense, even where the corporation itself has not been indicted.

As set forth in MobileFuse's initial motion papers, it is well established that courts have discretion to stay civil cases "pending resolution of a related criminal case." *Reyes v. Freeberry*, 141 F. App'x 49, 51 (3d Cir. 2005). Moreover, the Supreme Court has recognized that, where no

one can respond to discovery requests addressed to a corporation "without subjecting himself to a 'real and appreciable' risk of self-incrimination," the appropriate remedy is "a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action." *U.S. v. Kordel*, 397 U.S. 1, 8-9 (1970). Thus, courts have held that a corporate defendant in a civil case may be the beneficiary of a corporate employee's invocation of the Fifth Amendment privilege when that employee is the only individual who can speak on the corporate defendant's behalf and, therefore, the failure to stay the civil case not only subjects the corporate employee to "real and appreciable risk of self-incrimination," but also may impair the corporate defendant's ability to defend itself in the civil case. *Medical Investment Co. v. International Portfolio, Inc.*, No. 12-3569, 2014 WL 2452193 *3 (E.D. Pa. 2014) (corporate defendant in civil action entitled to stay based on criminal indictment of its shareholder/president).

In this Adversary Proceeding, the purported claims against MobileFuse arise out of the same facts and circumstances as the DOJ Proceeding and, as a result, there clearly is a substantial overlap of the issues. Furthermore, based on Drivetrain's allegations in its first Amended Complaint ("FAC"), Mr. Harlan is not only the primary witness with respect to the claims against MobileFuse, but he allegedly concealed his conduct from anyone else at MobileFuse. Drivetrain now seeks to impute Mr. Harlan's alleged conduct to MobileFuse. Thus, Mr. Harlan is not only a key witness, but he is critical to addressing Drivetrain's claims and mounting MobileFuse's defense. Mr. Harlan, however, intends to invoke his Fifth Amendment right while the DOJ Proceeding is pending and, therefore, will not be available to participate in discovery or to assist MobileFuse in developing its defense. Indeed, all of the relevant witnesses are likely to invoke their Fifth Amendment rights and, therefore, will be unavailable while the DOJ proceeding remains pending. Under these circumstances, the failure to grant the requested stay would not only subject

Mr. Harlan and others to a "real and appreciable risk of self-incrimination," but would impair MobileFuse's ability to defend itself. Accordingly, in the interest of justice and out of fairness to MobileFuse, MobileFuse respectfully requests that the Court stay this Adversary Proceeding pending the resolution of the DOJ Proceeding.

## ARGUMENT

As set forth below, despite Drivetrain's arguments to the contrary, an analysis of the six applicable factors weighs heavily in favor of granting the requested stay.

### I. THE ADVERSARY PROCEEDING SHOULD BE STAYED PENDING THE RESOLUTION OF THE DOJ PROCEEDING IN THE INTEREST OF JUSTICE

#### 1. Similarity of Issues

Despite Drivetrain's strained arguments to the contrary, the issues in the Adversary Proceeding and the issues in the DOJ Proceeding are inextricably intertwined and clearly overlap. Both cases are based on the same alleged "round-tripping" scheme, the same transactions between Near and MobileFuse, and the same communications between Mr. Harlan and the Near Insiders. Indeed, the same alleged conduct by Mr. Harlan is the basis for both the criminal allegations against Mr. Harlan in the DOJ Proceeding and the civil allegations against MobileFuse in the Adversary Proceeding. Thus, the issues clearly overlap.

The only meaningful distinction is that Drivetrain claims that Near's invoices to MobileFuse were legitimate, while both the DOJ and the SEC claim that Near's invoices were fraudulent and overstated and that the net amounts actually paid by MobileFuse to Near represent the amounts actually owed by MobileFuse to Near. Thus, if the DOJ were to prevail on its primary argument – *i.e.*, that the invoices from Near to MobileFuse were intentionally overstated in order to artificially inflate Near's revenue, and that the net amounts paid by MobileFuse to Near represent the amounts actually owed by MobileFuse to Near – that determination would be directly

relevant to the issues of reasonably equivalent value and breach of contract in this case and would likely preclude the bulk of Drivetrain's claims. Similarly, the issues of whether there was an alleged "round-tripping" scheme or whether the contracts between Near and MobileFuse are valid and enforceable are central to both cases. The fact that the issues may not "completely overlap" and there may be additional issues in the Adversary Proceeding (such as insolvency) or additional claims in the DOJ Proceeding (such as embezzlement by Near Insiders), does not change the fact that the central issues in both cases overwhelmingly overlap, warranting a stay. *See In re Kowalski*, 633 B.R. 822, 827 (Bankr. N.D. Ill. 2021)(when the issues in the civil and criminal cases overlap significantly, this factor weighs heavily in favor of a stay). This is because the civil case may undermine the Fifth Amendment privilege against self-incrimination by expanding rights of criminal discovery or by disclosing the basis for a defense to the prosecution before trial. *Id*.

**2. Stage of the Criminal Proceeding**

In addressing the status of the criminal proceeding, Drivetrain misconstrues both the law and MobileFuse's arguments. Clearly, MobileFuse is not claiming that it was indicted or seeking to assert its own Fifth Amendment rights. Instead, MobileFuse's Motion is based on the fact that Mr. Harlan, along with other key witnesses, have already been indicted in the DOJ Proceeding, and all of the relevant witnesses, particularly Mr. Harlan, are likely to be invoking their Fifth Amendment rights. Thus, not only is Mr. Harlan faced with the Hobson's choice of invoking his Fifth Amendment rights or protecting his financial interests by participating in this Adversary Proceeding, but all of the relevant witnesses will be facing the same dilemma and will be unavailable to provide MobileFuse with necessary information, or to otherwise participate in this case until the parallel criminal proceeding has been resolved.

As MobileFuse previously explained, in cases like this, where a former CEO and one of the current principal owners of a company is indicted and there are no other available witnesses

with personal knowledge of the relevant facts, a company like MobileFuse is entitled to a stay while the parallel criminal proceeding is pending. *See Medical Investment*, 2014 WL 2452193 at *3 (corporate defendant in civil action entitled to stay based on criminal indictment of its shareholder/president); *Kordel*, 397 U.S. at 8-9 (where no one can respond to discovery requests addressed to a corporation “without subjecting himself to a 'real and appreciable' risk of self-incrimination,” the appropriate remedy is a protective order “postponing civil discovery until termination of the criminal action”). That is the precise situation in this case. *See In re Kowalski*, 633 B.R. at 828 (granting stay where Fifth Amendment rights of non-party witness were implicated). Accordingly, this factor weighs strongly in favor of a stay “pending resolution of the related criminal proceedings.” *In re Adelphia Commc'ns Sec. Litig.*, No. 02–cv–1781, 2003 WL 22358819 at *4 (E.D. Pa. 2003)

**3. Prejudice to the Plaintiff**

With respect to its own interests, Drivetrain again mischaracterizes MobileFuse’s arguments and then fails to identify any meaningful prejudice to Drivetrain. MobileFuse has not, as Drivetrain suggests, requested an “indefinite” stay. Instead, MobileFuse has only requested a stay pending the resolution of the DOJ Proceeding – the exact stay granted in the SEC Proceeding, and the same type of stay that would be granted in any similar case. Until such time, none of the relevant witnesses will likely be available, and MobileFuse will remain at an unfair disadvantage.

Drivetrain’s generalized interest in an expeditious resolution of the case simply does not outweigh the significant Fifth Amendment and fairness concerns present here, particularly where the trial date in the DOJ Proceeding is already scheduled. *See In re Adelphia*, 2003 WL 22358819 at *3 (burden of delay on civil litigants is minimal because Speedy Trial Act requires prompt resolution of related criminal proceeding). Mere delay does not suffice to establish prejudice. *Tucker v. New York Police Dep't,* No. 08–cv–2156, 2010 WL 703189, *7 (D.N.J. 2010), *aff'd in*

*part,* 408 Fed. App'x 513 (3d Cir. 2010). Instead, the plaintiff must demonstrate a particularly unique injury, "such as the dissipation of assets or an attempt to gain an unfair advantage from the stay." *In re Derivative Litig.,* No. 06–cv–02964, 2007 WL 1101276, *2 (E.D. Pa. 2007). Drivetrain has utterly failed to do that. Accordingly, this factor weighs in favor of granting a stay.

**4. Burden on Defendants**

The substantial burden and unfairness to MobileFuse of proceeding without critical witnesses clearly weighs heavily in favor of a stay.

Contrary to Drivetrain's arguments, courts have held that a stay of a civil case against a corporate defendant is appropriate, even where the corporate defendant has not been indicted, where no one is available to assist the corporation "without subjecting himself to a 'real and appreciable' risk of self-incrimination." *See Kordel*, 397 U.S. at 8-9; *Medical Investment*, 2014 WL 2452193 at *3 (corporate defendant entitled to stay based on criminal indictment of its shareholder/president). *See also Rad Services, Inc. v. Aetna Cas. and Sur. Co.*, 808 F.2d 271, 279, n.3 (3d Cir. 1986)(stay appropriate where a person from whom information sought in a civil proceeding may face criminal prosecution); *Securities & Exchange Commission v. Desai*, 672 F. App'x 201, 205 (3d Cir. 2016)(stay appropriate until after criminal proceeding against owner of defendant company concluded); *Texaco, Inc. v. Borda*, 383 F.2d 607, 608-09 (3d Cir. 1967)(stay appropriate even though corporate defendant itself was not indicted in the criminal case). The fact that the criminal defendant and owner of the defendant company in *Desai* was also a defendant in the civil case is a distinction without a difference. Because Mr. Harlan is a principal owner of MobileFuse, he has a vested interest in the outcome of the Adversary Proceeding and faces the same Hobson's choice of waiving his Fifth Amendment rights or undermining his own financial interests in the Adversary Proceeding. Drivetrain also misses the point in *Texaco*, where the stay

was upheld based on a pending criminal case against Texaco's co-defendants, even though Texaco was not a defendant in the criminal case.

Drivetrain's attempt to distinguish the *Medical Investment* case is unavailing. Relying on *Kordel,* the court in *Medical Investment* held that the corporate defendant was entitled to a stay based on the criminal indictment of its shareholder/president where the indicted shareholder/president would likely be the only competent witness, even though the corporate defendant had not been indicted and the shareholder/president was not a party to the civil action. *Medical Investment*, 2014 WL 2452193 *3. In this case, Drivetrain's purported claims against MobileFuse are based almost entirely on Mr. Harlan's alleged conduct, and Drivetrain alleges that Mr. Harlan concealed his conduct from others at MobileFuse. Thus, Mr. Harlan is likely to be the only competent witness and is clearly critical to MobileFuse's defense. At the same time, all of the relevant witnesses are likely to invoke their Fifth Amendment rights and will be unavailable to assist MobileFuse in mounting its defense. As the court in *Medical Investment Co.* explained, the failure to stay the civil case in these situations not only subjects the corporate officer or employee to a "real and appreciable risk of self-incrimination," but also may impair the corporate defendant's ability to defend itself. *Medical Investment,* 2014 WL 2452193 at *4. Thus, contrary to Drivetrain's arguments, the court's determination in *Medical Investment* was not based solely on the fact that the indicted individual was the sole shareholder of the corporate defendant in the civil case. Instead, the court recognized that a stay was warranted where an individual in possession of information necessary for the corporation's defense was subject to a real risk of self-incrimination.

The cases cited by Drivetrain, however, clearly are distinguishable. For example, in *Boynes v. Limetree Bay Ventures, LLC*, 2026 WL 412328 (D.V.I. Feb. 12, 2026), there was no criminal indictment, the defendant company was seeking a stay pending the expiration of the

statute of limitations for any *potential* criminal proceeding, and the former President and CEO of the defendant company, along with other employees, testified at depositions without asserting any Fifth Amendment rights. The only individual's asserting Fifth Amendment rights were lower level employees who had no stake in the outcome of the civil litigation. *Id*. at *12. Under those circumstances, "the lack of an indictment in a hypothetical parallel criminal case [was] alone sufficient reason to deny a stay." *Id*. at *7. Similarly, the court in *Wells v. City of Memphis*, 2026 WL 1046671 *6 (W.D. Tenn. Apr. 17, 2026), distinguished two of the cases cited by Drivetrain – *In re 650 Fifth Avenue*, 2011 WL 3586169 (S.D.N.Y. Aug. 12, 2011) and *Deloitte Consulting LLP v. Sagitec Solutions LLC,* 2023 WL 6037201 (D. Del. Sept. 15, 2023)(no overlapping issues) – and granted the City's requested stay where, as here, its indicted former employees were "essential to the City's defense" and, therefore, "the justifications the courts offered for denying the requested stays in *Deloitte* and *In re 650 Fifth Avenue* cannot be found in this case."

Drivetrain's reliance on the *Chorches v. Ogdon (In re Bolin & Co., LLC)*, 2012 WL 3730410 (D. Conn. June 27, 2012), is also misplaced. The criminal defendant in that case was the former trustee of the debtor's estate. *Id*. at *2. Thus, there was no meaningful relationship between the criminal defendant and the parties in the adversary proceeding. The crime for which the former trustee pled guilty was also unrelated to the civil adversary proceeding. *Id*. Thus, there was no significant overlap of issues. Under these circumstances, the court concluded there was no "Hobson's choice" because (a) the criminal defendant (the former trustee) had no stake in the outcome of the civil proceeding to weigh against the risk of self-incrimination and no incentive to testify after the criminal proceeding; and (b) the party seeking the stay (the current trustee) had no stake in the outcome of the criminal case and had no reason to fear self-incrimination by

proceeding with the civil case. *Id*. at *3. It was only under these very different circumstances that the court in *Bolin* concluded that the balancing of the relevant factors did not warrant a stay.

In this case, there is a significant overlap of the issues in both cases, which arise out of the same facts and circumstances. Furthermore, Mr. Harlan, as one of the principal owners of MobileFuse (*see* FAC, ¶ 32), clearly has a vested interest in the outcome of this Adversary Proceeding. Thus, unlike in *Bolin*, Mr. Harlan has every incentive to participate in this case and assist MobileFuse as soon as the DOJ Proceeding concludes. At the same time, as a defendant in the DOJ Proceeding, Mr. Harlan clearly faces the "Hobson's choice" of participating in this case and risking self-incrimination, or asserting his Fifth Amendment rights and potentially losing this case. Finally, MobileFuse is clearly at a significant and unfair disadvantage without the assistance of Mr. Harlan, particularly where, as here, Mr. Harlan is a central and key witness and all of the other relevant witnesses are likely unavailable.

Plaintiff's own pleading establishes that Mr. Harlan: (i) negotiated the relationship between the parties; (ii) executed the parties' agreements; (iii) allegedly participated in the challenged conduct; (iv) allegedly concealed the relevant facts from others at MobileFuse; and (v) terminated the relationship between the parties. *See* FAC, ¶¶ 4, 25-27, 29, 60. As a result, Mr. Harlan is uniquely central to MobileFuse's defense. Drivetrain, however, cannot allege in its FAC that Mr. Harlan is central to the claims against MobileFuse, and then simultaneously argue that MobileFuse can adequately defend itself without him. This is precisely the type of situation that the court in *Medical Investment* recognized warranted a stay.

Drivetrain's proposed workarounds for the dilemma faced by Mr. Harlan and MobileFuse are entirely unworkable and fail to resolve the issue. If they did, there would almost never be a reason to grant a stay based on a parallel criminal proceeding. Obviously, all criminal defendants

can avail themselves to the benefit of the attorney-client privilege. That, however, does not allow them to fully participate in the defense of a civil case by submitting affidavits, sitting for depositions and testifying under oath without facing the risk of self incrimination. Mounting a defense is not limited to privileged conversations, and the attorney-client privilege alone would not immunize Mr. Harlan from potential criminal exposure. Mr. Harlan would still face significant risks, not only of self-incrimination, but also of exposing his defenses to the prosecution and risking asymmetrical discovery in the criminal case. For that reason, Mr. Harlan's criminal counsel has already confirmed that he intends to preserve his Fifth Amendment rights and will be unavailable to assist MobileFuse. That practical reality, rather than Drivetrain's speculation about the attorney-client privilege, is what should govern the stay determination.

Drivetrain's remaining piecemeal measures (*i.e.*, protective orders, awaiting mediation and deferring certain depositions) acknowledge the problem, but guarantee repeated discovery disputes, while still denying MobileFuse the critical information that it needs to mount its defense. The unavailability of key witnesses, particularly Mr. Harlan, *affects all phases of the case*, and MobileFuse *cannot intelligently evaluate claims, identify defenses, respond to discovery, prepare witnesses, and consult with experts without access to the individuals that Drivetrain itself has identified as the key witnesses*. Thus, Drivetrain's proposal is unworkable and unfair to MobileFuse. Instead, what is required is a uniform stay consistent with the stay already granted in the parallel SEC Proceeding – this is the most efficient and equitable result.

Drivetrain's arguments regarding Mr. Katayev and Mr. Sessanta are equally unavailing.[2] Based on the FAC, it is unlikely that Mr. Katayev or Mr. Sessanta would have personal knowledge

---

[2] The fact that certain witnesses have not, as of yet, been indicted does not change the analysis. All relevant witnesses have been identified in the Indictment as potential participants in Near's alleged fraud. Clearly, they do not need to be told that they are subjects of an investigation to know it would be prudent to assert their Fifth Amendment rights.

regarding large portions of Drivetrain's allegations. Nevertheless, they both have an individual Fifth Amendment right against self-incrimination, and MobileFuse cannot deprive them of that right or compel them to provide information or give testimony that waives that privilege. Thus, Mr. Katayev and Mr. Sessanta, like all of the other relevant witnesses in this case, remain unavailable at least while the DOJ Proceeding remains pending. And of course, even if MobileFuse could force them to waive their Fifth Amendment rights, MobileFuse would still be deprived of the assistance of Mr. Harlan, the central and key witness. Under such circumstances, where denial of the stay would "confound" MobileFuse's defense, courts have concluded that the burden on MobileFuse weighs in favor of a stay. *See In re Adelphia*, 2003 WL 22358819 at *5 (granting stay because unindicted civil defendants "may not be able to adequately defend themselves" where indicted defendant invokes right against self-incrimination).

Finally, prior to making this Motion, MobileFuse requested that Drivetrain consent to both a stay of discovery and an extension of the time to answer. Drivetrain refused. Thus, MobileFuse was forced to file an Answer or risk a default. Of course, filing an answer requiring denials or admissions (including denials effectuated by operation of procedural rules, such as under FRCP 8(b)(5) when a party lacks information or belief sufficient to respond) is entirely different than delving into the specific detailed facts of the case necessary to mount an effective defense. Indeed, as indicated throughout MobileFuse's Answer, MobileFuse currently lacks information sufficient to form a belief as to the truth or accuracy of the vast majority of Drivetrain's allegations. Thus, MobileFuse's Answer only confirms and in no way refutes MobileFuse's need for a stay.

---

As explained in *Ohio v. Reiner*, 532 U.S. 17, 21 (2001), "the Fifth Amendment's basic functions . . . is to protect innocent men . . . who otherwise might be ensnared by ambiguous circumstances. . . ." because "truthful responses of an innocent witness, as well as those of a wrongdoer, may provide the government with incriminating evidence from the speaker's own mouth." (internal quotation marks omitted).

**5. Interests of the Court**

As previously explained by MobileFuse, the requested stay advances the Court's interests by promoting judicial economy and avoiding inconsistent outcomes. Thus, a stay was already granted "in furtherance of the interests of justice" in the related SEC Proceeding. In response, Drivetrain simply ignores the relevant case law.

MobileFuse's arguments, however, are not only "facially plausible," but courts have specifically recognized that, in the absence of a stay under circumstances like this, the assertion of the Fifth Amendment privilege would unnecessarily burden the court with "a constant stream of privilege issues." *Walsh Securities, Inc. v. Cristo Prop. Mgmt. Ltd.*, 7 F.Supp.2d 523, 528 (D.N.J. 1998). Without a stay, "interrogatory and deposition discovery would likely cause inefficiency, because several defendants will be forced to assert Fifth Amendment privileges" . . . . and would burden the court "with deciding a constant stream of privilege issues." *Id.* That burden on the Court weighs in favor of a stay.

Similarly, a simple review of the allegations in the Adversary Proceeding and the DOJ Proceeding demonstrates a substantial overlap of the issues. One of the primary issues in the DOJ Proceeding is the Government's claim that Near fraudulently overstated its invoices to MobileFuse in an effort to artificially inflate its revenue and that the net amounts paid by MobileFuse to Near represent the amounts actually owed by MobileFuse to Near. Obviously, if that issue is resolved in favor of the Government, it may be relevant to how many of the issues in this Adversary Proceeding are adjudicated. Thus, a stay pending the resolution of the DOJ Proceeding could narrow the issues in the Adversary Proceeding and avoid wasteful duplication of efforts (such as with respect to MobileFuse's reasonably equivalent value defense or performance under the parties' contracts). *See Medical Investment*, 2014 WL 2452193 at *4 ("A stay pending resolution

of the criminal case is likely to further the latter goal by reducing the risk of duplication of effort, increasing the potential for settlement, and simplifying the issues raised in this civil litigation.").

Drivetrain's superficial approach here, however, would preclude meaningful discovery, deprive MobileFuse of its ability to defend itself, and avoid the clarity that the resolution of the DOJ Proceeding would provide. That is precisely why a stay is necessary to level the playing field and provide MobileFuse with an opportunity to meaningfully defend itself. Thus, a stay clearly promotes judicial economy and is in the interest of justice.

**6. Public Interest**

As to the public interest, Drivetrain merely disagrees with the controlling precedent, without citing any case law to the contrary, and fails to identify any harm to the public interest.

While allowing the Adversary Proceeding to proceed may promote the interests of the specific creditors, the parallel DOJ Proceeding serves to advance those same interests of creditors more broadly and, indeed, for the general public. Additionally, if MobileFuse were forced to proceed without a stay, any resulting determination would be vulnerable to subsequent legal challenge. Thus, the interests of creditors would not be effectively protected without a stay.

Moreover, courts have clearly recognized the public's interest in a stay in these precise circumstances. "Because of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here." *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995). Thus, granting the requested stay furthers the public interest by "allowing the underlying criminal matter to come to a complete, unimpeded conclusion." *Peterson v. Matlock,* No. 11–cv–2594, 2011 WL 5416571, *5 (D.N.J. 2011). Accordingly, the public interest will best be served by granting the requested stay.

## II. <u>THE REQUESTED STAY IS REASONABLE AND APPROPRIATE</u>

Contrary to Drivetrain's arguments, the requested stay is reasonable and appropriate. Again, it is the same stay that was already granted in the parallel SEC Proceeding and that is typical in cases like this. The court in that case found that a stay was "in furtherance of the interests of justice and will not prejudice any party" and, therefore, stayed the SEC Proceeding in its entirety until the completion of the DOJ Proceeding. *See* MobileFuse Exhibit D, DOJ Order. If a stay is appropriate in the SEC Proceeding, which arises out of the same facts and circumstances, it is difficult to explain why such a stay would not be appropriate in this case.

MobileFuse's requested stay is clearly not indefinite. This is not a situation where the criminal case is still in the investigative stage and it is not even clear whether an indictment will ever be brought – like in cases cited by Drivetrain. *See, e.g., State Farm Mutual Automobile Insurance Company v. Beckham-Easley,* 2002 WL 31111766, *3 (E.D. Pa. 2002)("[t]his case is shrouded with uncertainty as there is no way to predict when, if ever, the criminal investigation will ripen into an indictment" and "[t]his 'limbo' status weighs against a stay"). Instead, the Indictment in the DOJ Proceeding has already been brought and a trial is scheduled for January 19, 2027. Under these circumstances, there is no "indefiniteness."

Finally, Drivetrain's "overbroad" argument misses the whole point of the requested stay. Drivetrain alleges that Mr. Harlan is the central figure with respect to its claims against MobileFuse and that he allegedly concealed his conduct from others at MobileFuse. Thus, MobileFuse requires Mr. Harlan's full input and assistance to mount its defense and present its case *at all stages of this litigation*, whether in mediation, during discovery, at trial or during settlement negotiations. Indeed, according to Drivetrain's own allegations, Mr. Harlan, together with Mr. Katayev, own approximately 90% of MobileFuse. *See* FAC, ¶ 32. Thus, the suggestion that the parties could have a productive mediation or meaningful discovery without the participation of MobileFuse's

principals and the other key witnesses in this case is clearly unworkable. Clearly, it would be a waste of time to proceed with any mediation in which MobileFuse would be unable to formulate its positions or assess any potential offers or demands.

Under Drivetrain's scenario, MobileFuse would clearly be deprived of its ability to mount its defense by proceeding without key witnesses and critical information, thereby allowing Drivetrain to prosecute its case based on its own unilateral narrative of the facts. Such an outcome would clearly result in unfair prejudice to MobileFuse, which would be faced with the practical impossibility of defending itself, and is the precise type of asymmetry that justifies a stay. Accordingly, in fairness to MobileFuse and in the interest of justice, MobileFuse respectfully requests that the Court grant the requested stay.

## CONCLUSION

As set forth above, because the issues in this Adversary Proceeding and the parallel DOJ Proceeding substantially overlap and MobileFuse would be severely prejudiced if it were forced to proceed with the Adversary Proceeding while the criminal case is still pending, the requested stay, together with such other and further relief as the Court deems appropriate, should be granted.

Dated: September 29, 2026

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE #3995)
824 Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
rosner@teamrosner.com

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
Kevin Schlosser, Esq.
Robert F. Regan, Esq.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
(516) 741-6565
kschlosser@msek.com
rregan@msek.com

*Counsel to the Defendant MobileFuse, LLC*