**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

September 30, 2026

**BY ECF**

The Honorable Thomas M. Horan
United States Bankruptcy Court
District of Delaware

**Re:** ***Drivetrain, LLC v. MobileFuse, LLC*, 25 Br. 52298 (TMH)**
***United States v. Mathews et al.*, S1 24 Cr. 630 (LGS)**

Dear Judge Horan:

The Government respectfully writes in connection with defendant MobileFuse, LLC's pending motion to stay these adversary proceedings (Dkt. 50) in light of the Government's pending criminal charges in *United States v. Mathews et al.*, S1 24 Cr. 630 (LGS) (the "Criminal Case"), for which trial has been scheduled for January 19, 2027.

As MobileFuse has represented, the Government previously indicated that it would support a brief stay of the adversary proceeding in light of the substantial overlap between this matter and the Criminal Case. Courts frequently stay civil cases pending resolution of a criminal case raising similar issues after a careful balancing of relevant factors. *See Maloney v. Gordon*, 328 F. Supp. 2d 508, 511 (D. Del. 2004) (collecting cases). However, the Government has more recently reviewed plaintiff Drivetrain LLC's opposition to a stay (Dkt. 60) and had productive conversations with plaintiff's counsel and believes that an accommodation short of a full stay could strike an appropriate balance of the various interests.

The core concern for the Government, in this and similar situations where a criminal case is proceeding in tandem with a civil case raising similar factual allegations, is that the broader discovery permitted under the civil rules not be permitted to undermine the careful balance struck in the Federal Rules of Criminal Procedure. For example, criminal procedure does not require or permit the pre-trial deposition of witnesses, except in very rare circumstances. Criminal discovery is purposefully limited to prevent real harms like perjury and manufactured evidence, witness intimidation, and unfair surprise at trial.

In light of those concerns, counsel for Drivetrain has indicated that it would be willing to agree to a scheduling order stipulating that no party may schedule depositions for any party or fact witness before February 1, 2027. This schedule would ensure that the Government's anticipated trial witnesses will not be deposed before trial.

Counsel for MobileFuse requested the Government convey the following: "The Company's position was articulated in its motion – a full stay of all discovery until the completion of the

Harlan trial. Anything short of such a stay will severely compromise the Company's ability to adequately prepare for and participate in all stages of the litigation. A piecemeal approach to depositions, as the Government has proposed, does not resolve the Company's key concern: that it will not have access to witnesses and information necessary to prepare its case and defend Drivetrain's claims."

The Government has no desire to compromise MobileFuse's defense and takes no view on whether a scheduling order delaying depositions until February 1, 2027 would do so. The Government respectfully represents only that it believes that the compromise scheduling order proposed by Drivetrain, if agreed to by all the parties or ordered by this court, would address its concerns, allow mediation and discovery in this case to otherwise proceed, and adequately balance the interests of the court and the public interest in a fair criminal trial.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ____________________
Allison Nichols
Assistant United States Attorney
Southern District of New York
Tel: (212) 637-2366

BENJAMIN L. WALLACE
United States Attorney

By: *_/s/ Alexander E. Schmidt___*
Alexander E. Schmidt
Assistant United States Attorney
District of Delaware
1313 N. Market Street
P.O. Box 2046
Wilmington, Delaware 19899
302-573-6110
alexander.schmidt@usdoj.gov