**Exhibit B**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**NEAR INTELLIGENCE, INC., *et al.*,**[1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 23-11962 (TMH)**<br><br>**(Jointly Administered)** |
| **DRIVETRAIN, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al., Litigation Trust,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MOBILEFUSE, LLC,**<br><br>**Defendant.** | **Adversary Proceeding No. 25-52298 (TMH)** |

**SCHEDULING ORDER**

The Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 7016-1 on October 2, 2026, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff Drivetrain, LLC, in its capacity as the Plan Administrator and Litigation Trustee (the "Trustee") of the Near Intelligence, Inc., *et al.*, Litigation Trust, appointed in the above-captioned chapter 11 cases of Near Intelligence, Inc., *et al.* (collectively, the "Debtors" or "Near") and Defendant MobileFuse, LLC ("MobileFuse" and together with the Trustee, the "Parties") are ordered to mediation pursuant to Rule 9019-5(a) of the7026(a)(1) Initial Disclosures.

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Near Intelligence, Inc. (7857), Near Intelligence LLC (9004), Near North America, Inc. (9078), and Near Intelligence Pte. Ltd. The Debtors' headquarters is located at 100 W Walnut St., Suite A 4, Pasadena, California 91124.

The parties shall make their initial disclosures pursuant to Bankruptcy Rule 7026(a)(1) on or before **October 30, 2026**. If they have not already done so, the parties are to review Local Rule 7026-3, Discovery of Electronic Documents ("E- Discovery"), which is incorporated herein by reference.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties and to amend or supplement the pleadings shall be filed on or before **February 17, 2027**.

3. Discovery.

~~1.~~a. The parties are expected to conduct discovery consistent with the applicable Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and Local Rules of the United States Bankruptcy Court for the District of Delaware ~~(the "Local Rules")~~.

~~2. Any extension of time to file a responsive pleading to the complaint is not effective unless approved by Order of the Court.~~

~~3. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, shall be deemed to have taken place; *provided, however*, that the Parties each reserve their rights regarding issues concerning electronic discovery.~~

~~4. The Parties shall serve their initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than 14 days after the conclusion of mediation. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for cause shown.~~

~~5.~~b. ~~All formal discovery shall be tolled until after the conclusion of mediation.~~Fact Discovery Cut-Off. All fact discovery shall be completed ~~no later than 120 days after the conclusion of mediation~~by **June 1, 2027**.

~~6. No Party may take the oral deposition of any Party or fact witness before February 1, 2027.~~

~~7. Any expert report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue no later than 150 days after the~~

conclusion of mediation. Any Party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this subparagraph, shall be provided no later than 30 days after the report being rebutted; *provided, however*, that in no event shall the 30-day period start prior to 30 days after the conclusion of mediation. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed no later than 210 days after the conclusion of mediation.

c. Document Production. Document production shall be substantially complete on or before **April 1, 2027**, and all requests for production of documents shall be propounded at least 60 days prior thereto so as to permit the opposing party sufficient time to respond, except for any fact discovery subject to a motion to compel, motion for protective order or outstanding subpoena pending on this date.

i. Documents shall be produced in text searchable image files (*i.e.*, PDF or TIFF). Only files that are not easily converted to image format, such as Excel files, shall be produced in native format; *provided, however*, to the extent documents are reasonably accessible in native format to a party, such party shall make a good faith effort to produce them in native format upon request from the other party.

ii. Production of documents shall commence on a rolling basis. Prior to production, the parties shall use their best efforts to de-duplicate any electronic material collected (including identical material transmitted between or among multiple custodians). All documents produced, whether currently in electronic or paper format, shall be produced in electronic form, in accordance with specifications agreed upon by the parties.

d. Requests for Admission. A maximum of 25 requests for admission are permitted for each side, unless otherwise agreed to by the parties or ordered by the Court for good cause shown.

e. Interrogatories. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side, unless otherwise agreed to by the parties or ordered by the Court for good cause shown.

f. Depositions. Each side is limited to a total of 10 depositions per side, including depositions of third parties, unless otherwise agreed to by the parties or ordered by the Court for good cause shown. Depositions may be conducted remotely by video via Zoom or similar technology. No depositions shall take place prior to **February 1, 2027**, unless otherwise agreed to by the parties or ordered by the Court for good cause shown.

g. Expert Discovery.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 1, 2027**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 6, 2027**. Reply expert reports from the party with the initial burden of proof are due on or before **August 20, 2027**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii. Expert Discovery Cut-Off. Expert discovery shall be completed by **September 17, 2027.**

4. Dispositive Motions and Motions to Exclude Expert Testimony. No motion for summary judgment under Bankruptcy Rule 7056 shall be filed prior to the commencement of depositions, absent leave of Court. All dispositive motions and motions to exclude expert testimony shall be filed by **October 16, 2027**.

5. Confidentiality Order. The parties shall submit a proposed confidentiality order for entry by the Court.

6. Mediation.

~~8.~~a. Pursuant to the *General Order Re: Procedures in Adversary Proceedings* entered on April 7, 2004 (as amended on April 11, 2005), no later than ~~5~~75 days after the entry of this ~~Scheduling~~ Order~~ is entered~~, the ~~Parties~~parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the ~~Parties~~parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

~~9.~~b. ~~No later than 21~~Within ten days after a mediator is so designated, the ~~entry of this Scheduling Order, the Parties~~parties shall ~~agree on a~~ contact the mediator and make agreed-upon arrangements for conducting the mediation~~ date.~~. Within ~~75~~60 days after the ~~entry of this Scheduling Order~~mediation arrangements are agreed upon, the mediator shall conduct the mediation and thereafter either (a)~~-~~ file the mediator's certificate of completion, or (b)~~-~~ if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation. If the ~~Parties~~parties agree, they may extend the conduct or conclusion of mediation by up to an additional ~~50~~60 days to allow the ~~Parties~~parties to reach a resolution of the proceeding upon the filing of a stipulation for such an extension with the Court.

~~10. All dispositive motions shall be filed and served no later than 30 days after the close of all discovery and shall be subject to Local Rule 7007-1.~~

~~11. The Parties shall file, no later than three business days prior to the date set for trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two copies thereof to Chambers.~~

~~12.~~7. Pretrial Conference. As soon as is feasible after the close of all discovery, Plaintiff shall contact the Court to schedule a final pretrial conference in accordance with Local Rule 7016~~-~~-2(a).

8. ~~The~~ The parties shall file, no later than three business days prior to the date set for trial, their joint pretrial memorandum approved by all counsel and shall contemporaneously deliver two copies thereof to Chambers.

~~13.~~ Plaintiff shall immediately notify Chambers upon the settlement, dismissal, or other resolution of this adversary proceeding and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. Plaintiff shall file a status report 45 days after the date of this Scheduling Order, each 45 days thereafter, and 30, 20, and 10 days prior to trial, setting

9. out the status of this adversary proceeding. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

14.10. DeadlinesThe deadlines contained in this Scheduling Order may be extended onlymodified by agreement of the parties or order of the Court and only upon written motion or stipulation for good cause shown.

15. Plaintiff shall serve this Scheduling Order on Defendant within five business days after the entry of this Order.